## DAVIS v. FIRST NAT. BANK OF HARLINGEN et al.

### No. 2173.

Court of Civil Appeals of Texas. Waco.

Dec. 14, 1939.

Rehearing Denied Jan. 11, 1940.

E. L. Davis, of Harlingen, for plaintiff in error.

Osce Fristoe, of Harlingen, for defendants in error.

TIREY, Justice.

This appeal involves a garnishment suit after judgment. Plaintiff in error, First National Bank of Harlingen, caused writ of garnishment to be issued on January 3, 1938 against L. G. Grindle, garnishee. The writ was served on the garnishee on the 3rd day of January, 1938, and the garnishee thereafter on February 23, 1938 answered the writ, and in his answer set up that he owed the sum of $309.75 on a promissory note executed by him on January 6, 1937 and payable on or before one year after date to the order of W. M. Meriwether, judgment debtor. Garnishee also set up in his answer that Joe L. Penry, Jr., of Harlingen, Texas, was asserting some right, title or interest in the funds in question. The garnishee also recited in his answer that he paid into the registry of the court the sum of $309.75 and asked the court to render judgment as it may deem just and proper, awarding the funds to the person or corporation entitled to receive the same and protecting the garnishee in all respects. The garnishee did not ask that anyone else be made party defendant. The National Loan & Investment Company, on February 19, 1938, filed plea of intervention and in its plea set up that on January 4, 1938 it became the holder in due course of business and an innocent purchaser for value of the vendor's lien note in question. The intervener asked for judgment for the amount of the note, interest and attorney's fees. No other pleadings were filed by either of the parties. The case was tried before the court without the intervention of a jury and the court found in favor of the First National Bank of Harlingen and against the intervener, National Loan & Investment Company, and awarded the funds in question to the defendant in error, First National Bank of Harlingen. The intervener appealed from said judgment.

The intervener seasonably requested the trial court to file findings of fact and conclusions of law. These findings were filed by the trial court on November 9, 1938. The intervener, the National Loan & Investment Company, on the 23rd day of June, 1938, assigned, without recourse, the vendor's lien note and the cause of action in question, together with all rights and rights of appeal to the plaintiff in error, E. L. Davis, and the plaintiff in error, E. L. Davis, perfected his appeal by writ of error.

Upon trial of the case, the defendant in error Bank introduced in evidence the original answer of the garnishee and the writ of garnishment showing service and return. The National Loan & Investment Company introduced J. L. Penry, Jr., who testified that he represented the National Loan & Investment Company; that he knew the judgment debtor, W. M. Meriwether, and that said Meriwether lived in the house that belonged to the National Loan & Investment Company for which he paid rent of $35 per month. He further testified that on January 4, 1938, he gave said Meriwether a receipt for $309, and that W. M. Meriwether assigned the note as payment for rent on the property that he occupied which belonged to the National Loan & Investment Company. The intervener also introduced in evidence the note in question which was for the principal sum of $300, dated Harlingen, Texas, January 6, 1937, and due on or before one year after date, payable to the order of William McNutt Meriwether. The note was negotiable in form, executed by L. G. Grindle, and had the following endorsement on it: "For value received,

I hereby sell, transfer and assign to Penry & Powers the within note, together with the vendor's lien on the property securing the same, and as endorsee, I guarantee the payment of the within note at maturity or on demand at any time after maturity, waiving demand, protest and non payment thereof. Interest paid to 7–6–37. (signed) W. M. Meriwether." Penry further testified that he did not know that writ of garnishment had been served on Grindle at the time he took the note. He further testified that he examined the note and found it regular on its face and, on cross examination by defendant in error Bank, testified that at the time he accepted the note from Meriwether he gave him a receipt for $309 for the note to apply on his rent, and further testified: "I took it with the understanding it was to apply as rent, and in the event it wasn't paid, I would look to him for it," and he further testified that at the time he accepted the note that Meriwether owed rent of approximately $105.

### Opinion.

■ The court found that the note in question was assigned to Penry & Powers on January 4, 1938, and that said Penry & Powers had constructive notice of the issuance and service of said writ of garnishment upon the garnishee, L. G. Grindle. The court further found that said Penry & Powers were not on said date innocent holders of said note in due course without notice or for a valuable consideration. The court further found that there was no evidence that the intervener, National Loan & Investment Company, was the owner of said note in question. Save and except that the assignment was made on January 4th, each of the findings filed by the trial court was assailed by plaintiff in error. The note in question was negotiable in form and had not matured at the time writ of garnishment was issued and served upon the garnishee. The Supreme Court in Thompson v. Gainesville National Bank, 66 Tex. 156, 18 S.W. 350 held: "The burden of proof is on the plaintiff to show that the payee has not transferred the note before maturity; otherwise the garnishee must be discharged." The record is uncontroverted that the note had not matured at the time the garnishment was issued and served on the garnishee and it is likewise uncontroverted that the assignment of the note in question by Meriwether, the judgment debtor, was to apply on house rent that had accrued to the amount of approximately $105 and on future house rent that would accrue. The record is further uncontradicted that the assignment of the note in question by Meriwether was for the benefit of the intervener, the National Loan & Investment Company. The trial court having found that the assignment was made on January 4, 1938 and the record being uncontroverted that the note had not yet matured makes it necessary to reverse the case because the defendant in error Bank had not carried its burden. There is no pleading nor evidence whatever that Penry & Powers had any notice of the service of the writ of garnishment at the time they bought the note for their principal. While the court found that Penry & Powers had constructive notice of the service of the writ of garnishment, this finding was apparently based on the erroneous belief by the court that a purchaser of a negotiable note is charged by law with notice of all prior garnishment proceedings instituted for the purpose of impounding the funds due on such note. We do not understand this to be the law. 20 Tex.Jur. 717; 6 Tex.Jur. 720.

■ Moreover, there is no evidence in the record to sustain the trial court's finding that National Loan & Investment Company was not the owner of the note in question. This court, in the case of Central National Bank v. Latham & Co., Tex.Civ.App., 22 S.W.2d 765, pars. 10–12, at page 768, writ refused, said: "The holder of collateral security, unless restrained by the terms of his contract of pledge, may sue and recover thereon in his own name and apply the proceeds of his recovery when collected to the satisfaction of his debt." In view of the fact that the trial court has found that the note in question was assigned before maturity and the record being uncontroverted that the National Loan & Investment Company held the note as collateral security for rent past due and to accrue, and there being no evidence that the intervener had any notice of the garnishment proceedings at the time it acquired the note, it appears that the case has been fully developed and that it would serve no useful purpose to remand the cause for further proceedings. Therefore, under the authority of Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, this cause will be reversed and rendered.

The judgment of the trial court, so far as it awards recovery against the garnishee in favor of defendant in error Bank, is

here reversed and judgment is rendered that the Bank take nothing herein, and that plaintiff in error, E. L. Davis, assignee of the National Loan & Investment Company, intervener, recover of the garnishee the sum paid into the registry of the court and that the costs of this appeal and the court below be taxed against the defendant in error, First National Bank of Harlingen.