**Bruce R. MACK d/b/a Mace & Mack, an association of attorneys at law, Appellant,**

v.

**Andy and Wilma MOORE d/b/a Andy Moore & Son Aeronautical Specialties, Appellees.**

No. 01–83–0549–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 12, 1984.

Bruce B. Mack, Mace & Mack, Houston, for appellant.

John Gilleland, Houston, for appellees.

Before WARREN, COHEN and BASS, JJ.

## OPINION

BASS, Justice.

This is a suit upon a sworn account, and in the alternative for quantum meruit, seeking $3,150.00 in fees for accounting and tax services performed for appellees and $1,950.00 in attorney's fees incurred in the collection and prosecution of this case. The case was tried to the court. The appellees defended on the basis that all fees incurred had been paid in full, and further asserted that the charges alleged by appellant were not in accordance with their set fee of $90.00 per month. The appellant presented his case-in-chief and rested, and the appellees rested immediately thereafter, calling no witnesses to controvert appellant's claim.

The trial court entered judgment for appellant, finding that the appellees requested the services be performed, that the services were performed to the satisfaction of appellees, that there was no agreement whereby appellees would pay appellant a set fee per month, and that the appellees had agreed to pay the reasonable value of the services which were performed. The court then rendered judgment for appellant, finding that the reasonable value of the appellant's services was $275.00 per month, and the amount still due and owing by appellees was $1,035. Additionally, the trial court awarded appellant one third of the final judgment, or $300.00, in attorney's fees. The appellant appeals on the points that trial court's valuation of both his services and his attorneys fees was erroneous.

The appellant, Bruce R. Mack, is a licensed C.P.A. and tax attorney, with an L.L.M. in taxation. His tax experience includes numerous years as an agent and regional supervisor for the I.R.S. and as an auditor with a large public accounting firm.

In January of 1981, the appellees retained the appellant to perform certain tax work in connection with their business, including the reconciliation of their prior bank accounts and employee payroll tax records, and the preparation and filing of their income tax return for 1980. In connection with this work, appellant was to review prior years payroll tax returns and to amend as necessary, file any and all necessary reports, and then keep appellees' records current through the quarterly preparation of payroll tax returns, sales tax reports, and the monthly preparation of their profit and loss statements.

Appellant completed the agreed work, preparing all necessary returns and delivering this work to the appellees. The degree of difficulty in the preparation of these reports was greatly enhanced by various errors within the prior reports and bank statements. This required the appellant supervisory employee to have several conferences with appellees in an attempt to reconcile these errors. The appellant personally presented his final invoice of $4,865.00 to appellees, and explained the charges as they related to the work which he performed. Appellees agreed to pay the invoice and further negotiated a set fee of 275.00 per month for future work, including the periodic preparation of the company's payroll reports etc. However, after they had paid appellant $1,715.00, of the invoice, appellees refused to pay the remaining balance, claiming the bill was paid in full. This action left $3,150.00 still due and owing on the account, and the appellant was forced to file suit to collect the balance.

Trial was to the court, and after judgment for appellant the trial judge, upon proper request, made the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On or about January 1, 1981, Defendants engaged Plaintiff to perform certain accounting and tax work for them.

2. Defendants had no agreement with Plaintiff for a set sum for the work but

were to pay the reasonable value of services rendered.

3. Plaintiff performed the services as reflected on his invoices to Defendants.

4. Defendants were satisfied with the services performed by the Plaintiff.

5. The reasonable value of the services performed by Plaintiff is $2,750.00 (10 months $\times$ $275.00) and Defendants have paid to the Plaintiff $1,715.00 leaving a balance due of $1,035.00.

6. Plaintiff had to engage John J. Eikenburg, a Texas attorney, to collect plaintiff's claim.

7. Plaintiff is entitled to attorney's fees under Article 2226, Texas Revised Civil Statutes.

## CONCLUSIONS OF LAW

1. Defendants are indebted to Plaintiff for the sum of $1,035.00.

2. The indebtedness of Defendants to Plaintiff bears interest at the rate of six percent per annum from January 1, 1982, until date of Judgment.

3. Plaintiff is entitled to attorney's fees equal to one-third of the judgment, being $300.00.

4. Plaintiff's right to collection of such indebtedness is not barred by limitations.

Initially, the appellant contends the trial court erred in not finding as a fact that the reasonable value of the services he performed and which were still due and owing to him by the appellees was $3,150.00, because there is no evidence upon which to support any other conclusion, or alternatively, the trial court's finding as to the amount due and owing is against the weight of the evidence. In this point of error, appellant combines a "matter of law" point and an "against the great weight" point in one ground of error. In essence, the appellant contends the evidence introduced at trial established the value of his services due and owing to be $3,150.00, as a matter of law, and asks us to reverse the trial court judgment and render judgment for appellant in this amount.

In the alternative, appellant asserts the finding of the trial court as to the value of his services is so against the great weight and preponderance of the evidence as to be manifestly unjust, and thus requires a reversal of the judgment and remand of the case for a new trial.

■ To determine a "no evidence" or "matter of law" point this court must disregard all evidence contrary to the trial court's finding, and if there is any remaining evidence which would support the verdict or judgment, the trial court's judgment must be upheld. If, after the removal of all contrary evidence this court finds an absence of any evidence which would support the verdict or judgment, a contrary conclusion to the verdict or judgment is required as a matter of law. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The finding at issue before this court is the amount of the trial court's award as the reasonable value of the accounting services which were performed. The direct, positive, uncontroverted evidence as presented by the three experts, including appellant and appellant's ex-employee (the *appellees'* present accountant) was that the charges as evidence in the invoices were reasonable charges for the services which were performed. However, in spite of this fact the trial court assessed the value of those service at the arbitrary figure of $275.00 per month, the amount the parties had agreed to for the preparation of reports necessary for the maintenance of their records. This figure did not consider the extensive work required to update and correct appellees' back records, so that they were in a position to be maintained.

■ It is the general rule that since the trier of the fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, opinion evidence is insufficient to conclusively establish a fact issue at trial, and thus give rise to a directed verdict or in this case a reversal and rendition. However, in *Teal v. Powell Lumber Co.*, 262 S.W.2d 223 (Tex. Civ.App.-Beaumont, 1953, no writ), the

court applied this test to the trial judge but further stated that it is only within the province of court or jury to decide conflicting evidence, and where there is evidence on an issue and no evidence to the contrary, the court or jury has no right to disregard the evidence and decide the issue in accordance with their own wishes. *Id* at 225. In the present case, the only evidence presented on this issue supported appellant's valuation.

■ Furthermore, in *Exxon Corporation v. West*, 543 S.W.2d 667 (Tex.Civ.App.-Houston [1st Dist.] 1976, writ ref'd, n.r.e.) Chief Justice Evans reviewed the effect of uncontroverted expert testimony and its ability to conclusively establish a fact issue. In support of this court's *reversal and rendition,* Justice Evans stated that while such evidence is generally held not to be binding on the trier of fact if more than one possible conclusion can be drawn from the facts, it may be regarded as conclusive if the nature of the subject matter require the fact finder to be guided solely by the opinion of experts and the evidence is otherwise credible and free from contradiction and inconsistency.

■ Furthermore, this rule applies even where the testifying experts are interested witnesses if their testimony is clear, direct, positive, if nothing creates a reasonable suspicion as to the witness' credibility and if the opposing party could have offered but failed to offer, any evidence in contradiction thereof. This failure to offer such contrary evidence "constitutes effective corroboration" of the witnesses' testimony. Id. at 678. *See also, Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978) stating that testimony by interested lay witnesses may be the basis for a directed verdict, where the testimony "pertains to matters reasonably capable of exact statement, and is clear, direct, positive and internally void of inconsistencies and contradictions, and is uncontroverted either by testimony of other witnesses or by circumstances—in short, when there is nothing to cause any reasonable suspicion as to its truth." Id. at 69.

■ In the present case, three expert witnesses testified as to the reasonableness of the charges for the services rendered: the appellant, his ex-employee, the appellees' present accountant, John Mason, and an independent, disinterested C.P.A., Patrick Cantrell. Each of these witnesses reached the same conclusion, i.e., that the charges as reflected by the invoice were reasonable. Appellees called no witnesses to refute this determination nor did they otherwise impeach these witnesses on cross-examination. Therefore, here, as in *Exxon, supra,* the only reasonable conclusion which could be drawn from the evidence was that stated by appellant's experts.

The court, in making its findings of fact, stated that the amount owed and agreed by the appellees was the reasonable value of the services which were performed. That reasonable value was conclusively shown through expert testimony to have been $4,865.00. That amount, less $1,715.00 for prior payments by the appellees, left a balance of $3,150.00, which is the amount which appellant was entitled to in judgment. Since here, as in *Exxon, supra,* "it does not appear that the cause should be remanded for further proceedings in the interest of justice or for any other reason," the judgment of this court should be one of rendition. *Exxon, supra,* at 674; *Hodges Tire Co. v. Kemp,* 334 S.W.2d 627 (Tex.Civ. App.-Forth Worth 1960, no writ).

In his second point of error, the appellant asserts the trial courts findings of $300.00 in attorney's fees had no support in the evidence and asks this court to reverse and render judgment for the stated amount of $1,950.00.

■ The court in its findings of fact stated that appellant had the right to recover the reasonable cost of attorneys fees. Unlike the above expert testimony, there are factors other than the testimony of expert witnesses which could have been used by the court in its determination of what amount was "reasonable." Some of these factors which may have been considered by the court are: the complexities

of the case, the amount of time spent in preparation, the quality of counsel, and the amount of potential and actual recovery. Moreover, the judge would have been familiar with the fees in this area, and could have drawn upon his own expertise in his decision making. Therefore, since the amount and reasonableness of attorney's fees is a question of fact which allows the consideration of various intangibles incapable of review by this court, the trial court award cannot be disturbed absent an abuse of discretion and we do not find such an abuse in the case before this court.

■■■ Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1984) states that the usual and customary fees charged for the type of work performed are presumed reasonable. There was no testimony introduced stating the usual and customary fees for this type of action. Furthermore, the court in its conclusions of law implied that the usual and customary fees in this area are one-third the amount of judgment, and it apparently was on this basis that the court entered judgment of $300.00 in attorney's fees. Therefore, in light of our disposition of appellant's first point of error, the award of $300.00 is patently incorrect. Therefore, we order the judgment be reformed in accordance with the trial court's conclusions of law, and reflect the corresponding award of attorney's fees of one third the corrected judgment, or $1,050.

We accordingly reverse the judgment of the trial court and render judgment in the amount of $3,150.00 upon the unpaid account, and for $1,050.00 for the appellant's attorney's fees.