**Robert L. SNOKE, Petitioner,**

v.

**REPUBLIC UNDERWRITERS
INSURANCE COMPANY,**
Respondent.

No. C–8288.

Supreme Court of Texas.

May 3, 1989.

Rehearing Denied June 28, 1989.

Jim Claunch, Fort Worth, for petitioner.

Larry L. Gollaher and Wesley W. Chambers, Gollaher & Associates, Dallas, for respondent.

PER CURIAM.

At issue here is whether the standard of review of a remittitur of attorneys' fees is sufficiency of the evidence or an abuse of discretion. The court of appeals, in an unpublished opinion, held that the standard of review is an abuse of discretion. We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

Snoke's residence was totally destroyed by fire under suspicious circumstances. Republic Underwriters denied coverage on Snoke's homeowners' policy. Snoke then filed suit requesting damages for loss of the house, his personal property, living expenses, and attorneys' fees.

The jury made several findings including that the reasonable cost to restore the house was $55,000 and that reasonable attorneys' fees for the services of Snoke's lawyer were $35,000 for preparation of the trial, $5,000 in the event the case is appealed to the court of appeals, and $2,500 if application for writ of error is made. The jury also found the reasonable cash market value of the contents of the house destroyed by the fire was $5,000.

The trial court, in response to motions for judgment filed by both parties, rendered a judgment which only allowed Snoke recovery of the $5,000 for loss of personal belongings awarded by the jury. Because of this reduction in damages, the trial court found the jury's award of attorneys' fees in the amount of $35,000 excessive, and reduced Snoke's award of attorneys' fees to only $2,000. Snoke appealed the trial court's judgment alleging the evidence supported the jury's award of attorneys' fees and the trial court erred by reducing his award.

The trial court had no power to order a remittitur in the amount of attorneys' fees found by the jury without conditioning that remittitur on a new trial. Thus, the trial court acted in excess of its authority.

The court of appeals recognized that the standard of review in remittitur cases is sufficiency of the evidence. *Larson v. Cactus Utility Co.*, 730 S.W.2d 640 (Tex.1987). However, the court concluded that the rationale behind this holding did not apply to attorneys' fees.

**778**

In *Larson,* we unequivocally stated that "[a] court of appeals should uphold a trial court remittitur only when the evidence is factually insufficient to support the verdict." *Id.* at 641. This language leaves no doubt as to what standard the court of appeals should have applied.

Because the court of appeals' decision conflicts with *Larson v. Cactus Utility Co.,* we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to that court for further consideration.[1] *See* Tex.R.App.P. 133(b).

---

**1.** Interestingly, the court of appeals has already predicted the outcome were it to apply the sufficiency of evidence standard. The court states "if we apply the strict sufficiency of evidence test, we must reverse and render for the full amount of the attorneys' fees awarded by the jury."