**VALLEY COCA–COLA BOTTLING CO., INC., Appellant,**

v.

**Juan MOLINA, et al., Appellees.**

**No. 13–90–421–CV.**

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1991.

Rehearing Overruled Nov. 21, 1991.

John R. Griffith, William M. Mills, Atlas & Hall, McAllen, for appellant.

Douglas S. Malany, Barron, Orendain, Malany & Flanagan, McAllen, for appellees.

Before NYE, C.J., and HINOJOSA, and DORSEY, JJ.

## OPINION

HINOJOSA, Justice

The issue this appeal presents is whether the trial court abused its discretion in awarding excessively high guardian *ad litem* fees to several attorneys appointed to

represent minor siblings of children killed in the tragic collision between a Valley Coca–Cola truck and a bus. We affirm in part and suggest a remittitur.

The now infamous collision occurred on September 21, 1989, when a delivery truck owned by Valley Coca–Cola Bottling Co. struck a school bus. The bus skidded off the road into a caliche pit full of water. Twenty-one children were killed; many had minor siblings.

Numerous lawsuits were filed. Twelve of these cases settled. The trial court appointed twenty-four guardians *ad litem* to represent the siblings of these twelve deceased children. *See* TEX.R.CIV.P. 173. Although under current law these siblings do not have a "bystander" cause of action because they were not present at the scene of the accident,[1] and a future cause of action, if recognized, could be held prospective only,[2] various sums were awarded to them in consideration for full release of all potential causes of action arising out of the accident. These sums were placed in trust for the minor siblings.

Valley Coca–Cola and three of the appointed attorneys *ad litem* could not agree on the amount of their fees. After hearing, the trial court awarded:

1. $7500.00 to Juan Molina for representing Idania Perez;

2. $11,250.00 to Ernesto Dominguez for representing Geronimo Lopez; and

3. $18,000.00 to Abel Oredain for representing Omar Garcia. The trial court also awarded $10,000.00 in attorney's fees if the *ad litem* fee awards were appealed to this Court, and an additional $10,000.00 if the cause was thereafter appealed to the Supreme Court of Texas.

Appellant's first point of error complains that the trial court abused its discretion in awarding such high fees.

■ The trial court has great discretion in determining how much to pay a court-appointed guardian *ad litem*. *Poston v. Poston*, 572 S.W.2d 800, 802–03 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Thus, if the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989); *Downer*, 701 S.W.2d at 241–42; *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). The trial court does not necessarily abuse its discretion if under the same facts an appellate judge would decide the matter differently, or if it commits a mere error in judgment. *Loftin*, 776 S.W.2d at 146; *Downer*, 701 S.W.2d at 242; *Southwestern Bell Tel. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965).

■ Generally, the same principles applying to the reasonableness of attorney's fees apply here. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 794 (Tex. 1987). In making a fee award, a trial court may consider: 1) the time and labor involved; 2) the nature and complexity of the case; 3) the amount of money or value of the property or interest involved; 4) the extent of the responsibilities assumed by the attorney; 5) whether the attorney lost other employment because of the undertaking; 6) the benefits resulting to the client from the services; 7) the contingency or certainty of compensation; and 8) whether employment is casual or for an established or constant client. *Alford v. Whaley*, 794 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1990, no writ). *See also Simon*, 739 S.W.2d at 794.

■ The evidence at the fee hearing, viewed in the light most favorable to the court's fee award, indicated that these three guardians *ad litem* assisted in acquiring a significant recovery for the minor

---

1. *See Hastie v. Rodriguez,* 716 S.W.2d 675, 676 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (recovery for mental anguish is allowed if the plaintiff is closely related to the victim and present at the accident scene.).

2. *See e.g. Reagan v. Vaughn,* 804 S.W.2d 463, 467–68 (Tex.1990).

siblings they represented, although their clients did not have a recognized cause of action. Molina's client received $50,000.00, Dominguez' client received $75,000.00, and Oredain's client received $100,000.00. These sums were placed in trusts requiring continuing supervision.

The evidence also showed that this case was somewhat complex.[3] Significant time and labor was expended; however, the attorneys kept no time records and they only provided rough estimates of the time spent handling this case. In addition, the guardians *ad litem* were responsible for continuing duties to supervise the minors' trusts. One attorney testified that a reasonable fee for his services was between $15,000.00 and $20,000.00.

We note that the trial court awarded between 15% and 18% of the client's recovery to the lawyers. This percentage reflects a reasonable relationship between the sums involved and the fees awarded. Moreover, continuing duties will be imposed on the lawyers, and it is uncertain exactly how much time and effort this may require. Under these circumstances, we hold that the trial court did not clearly abuse its discretion in awarding fees for representing the minors. Appellant's first point of error is overruled.

█ Appellant's second point of error complains that the trial court abused its discretion in awarding $10,000.00 for attorney's fees should the fee award be appealed to this Court and $10,000.00 for an appeal to the Supreme Court of Texas.

Roger Hughes, an experienced appellate lawyer, testified that the maximum cost for this appeal, and an appeal to the Supreme Court of Texas, would be between $6500.00 and $7,000.00. He based his opinion on the estimate that twenty five hours would be required to prepare and argue the case to this Court. An additional seven hours would be required to file a writ of error in the Supreme Court of Texas, and if the writ is granted, another ten hours of review and travel time would be necessary. He estimated the maximum value of an appellate attorney's services for this type of work as $130.00 per hour.

█ A trial court abuses its discretion if it makes a ruling based on no evidence. Here, no evidence supported the trial court's award of $20,000.00 for an appeal to this Court and the Supreme Court of Texas. Viewed in the light most favorable to the trial court's ruling, the evidence supports an award of $4779.00 for an appeal to this court and $7000.00 for both appeals.[4]

Appellant's second point of error is sustained in part. The only error in the trial court requiring reversal is that the amount of the fee award is not supported by the evidence. We suggest that appellee file a remittitur in this Court within eighteen days of the date of this OPINION. *See Allied Fin. Co. v. Garza*, 626 S.W.2d 120, 127 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); TEX.R.APP.P. 85(c). If so, we will reform the judgment and AFFIRM. Otherwise, we will REVERSE and REMAND this cause.

---

**3.** For example, eleven parties and thirteen insurance companies were released for all causes of action arising out of the accident.

**4.** We calculate the award as follows: Hughes testified that it would cost, at most, $7000.00 for appeal to this Court and the Supreme Court.

He also testified that the appeal from this Court to the Supreme Court of Texas would require, at most, an additional seventeen hours at $130.00 per hour. Thus, the maximum the trial court could award for an appeal to this Court must be $2210.00 less than $7000.00, or $4790.00.