**William J. MATTHIESSEN and Paul G. Silber, Jr., Appellants,**

v.

**John M. SCHAEFER, Appellee.**

No. 04–93–00750–CV.

Court of Appeals of Texas, San Antonio.

Dec. 28, 1994.

Rehearing Denied March 22, 1995.

Earle Cobb, Jr., San Antonio and Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, for appellants.

Robert W. Loree and Britannia Hardee, Soules & Wallace, San Antonio, for appellee.

Before BUTTS, LOPEZ and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal of attorney's fees granted by the trial court in a turnover order.

A turnover order is a final, appealable "judgment." *Schultz v. Fifth Judicial Dist. Ct. of Appeals,* 810 S.W.2d 738, 740 (Tex.

1991). In a prior proceeding, the trial court rendered judgment that John M. Schaefer recover $127,853.75 plus attorneys fees against Paul G. Silber, Jr., William J. Matthiessen and others. We have affirmed that judgment as modified in cause number 04–93–00602–CV.

After that appeal was perfected, Schaefer sought the turnover order which is the subject of this appeal. On Schaefer's motion, the trial court ordered Silber and Matthiessen to turn over to the Bexar County Sheriff certain property. The order also awarded $5,000 to Schaefer as attorney's fees. Silber and Matthiessen appealed the order alleging four points of error.

Subsequent to entry of the turnover order the parties reached an agreement that appellants would secure the judgment by a letter of credit in exchange for Schaefer's agreement not to enforce the turnover order. The parties now agree that the letter of credit and counsel's agreement renders the appeal moot except as to the $5,000 in attorney's fees awarded to Schaefer. Since appellant has now agreed that its points of error one, two and four are moot, we will proceed to consider point of error three concerning the award of attorney's fees pursuant to the turnover order.

Appellants allege that the trial court abused its discretion in awarding Schaefer $5,000 as attorney fees, because (a) Schaefer pleaded only for attorney fees in the amount of $1,500 and (b) the evidence is legally or factually insufficient to support an award of $5,000.

The turnover statute provides that a "judgment creditor is entitled to recover reasonable costs, including attorney's fees." TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(e) (Vernon 1986). In his motion for turnover relief, Schaefer pleaded for reasonable attorneys' fees of "at least One Thousand Five Hundred and No/100 Dollars ($1,500)." Appellants argue that Schaefer is limited by his pleadings to the $1,500 amount stated in his motion. According to appellants, the award

of $5,000 does not conform to the pleadings and thus is in violation of Tex.R.Civ.P. 301. We are not persuaded by this argument. Schaefer's pleading presents a minimum amount he was asking for and not a maximum. Appellants failed to specially except to these pleadings. Absent a special exception, pleadings are to be liberally construed in favor of the pleading party. *Owens v. Litton*, 822 S.W.2d 794, 797 (Tex.App.–Houston [14th Dist.] 1992, writ denied).

The words "at least" mean "at a minimum." While the language is objectionable because of non-specificity, it was not objected to. Therefore, all the pleadings say is that Schaefer wants $1,500, or more, for his attorney fees. He got more. We construe Schaefer's pleadings as presenting a demand for a minimum of $1,500 with no limit on the maximum amount that the court could award.

■ Appellants' second argument is that the evidence is insufficient to support the award of $5,000. Schaefer's attorney, Robert Loree, testified at the hearing on the turnover order that his reasonable attorney's fees were $1,500. However, the trial court awarded Schaefer $5,000 in attorney's fees.

■ The trial court's decision to award attorney's fees is reviewed for an abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985); *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 936 (Tex.App.–Austin 1987, no writ). An award of reasonable attorney's fees must be supported by some evidence. *See Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991). The amount and reasonableness of attorney's fees is a question of fact involving several intangible factors. *First Federal Savings & Loan Assoc. v. Ritenour*, 704 S.W.2d 895, 902 (Tex.App.–Corpus Christi 1986, writ ref'd n.r.e.); *Mack v. Moore*, 669 S.W.2d 415, 419–20 (Tex.App.–Houston [1st Dist.] 1984, no writ). The trial court in this case was the trier of fact with regard to the reasonableness and amount of the attorney's fees. Expert testimony concerning the reasonableness of attorney's fees is not conclusive and the trial court is not bound by such testimony. *Smith v. Smith*, 757 S.W.2d 422, 427 (Tex.App.–Dallas 1988, writ denied); *Ritenour*, 704 S.W.2d at 902. The trier of fact can consider the nature and complexity of the case, the amount in controversy, the amount of time and effort required and the expertise of counsel in arriving at a reasonable amount as attorney's fees. *Id.* Furthermore, the judge could have drawn on his own expertise in his decision making. *Mack v. Moore*, 669 S.W.2d at 420. The record reveals no abuse of discretion. The trial court's award of attorney's fees was reasonable. Appellant's third point of error is overruled.

The judgment is affirmed.

### DISSENTING OPINION ON DENIAL OF MOTION FOR REHEARING

DUNCAN, Justice, dissenting.

Because I believe there is legally insufficient evidence to support an award of attorney's fees in excess of $1,500, I believe the trial court abused its discretion in awarding $5,000, and I respectfully dissent.

As a preliminary matter, it appears that appellants' second point of error in their motion for rehearing correctly points out a failure to consider an issue necessary to disposition of this appeal, *i.e.*, Schaefer is not entitled to attorney's fees at all, because he pledged the underlying judgment to Frost Bank as security for a loan. In this respect, appellants refer us to *Davis v. First Nat'l Bank of Harlingen*, 135 S.W.2d 259, 261 (Tex.Civ.App.–Waco 1939, no writ), and *Randolph v. Citizens Nat'l Bank of Lubbock*, 141 S.W.2d 1030, 1034–35 (Tex.Civ.App.–Amarillo 1940, writ dism'd judgm't cor.).

Both *Davis* and *Randolph* state that, unless prohibited by the contract of pledge, the pledgee may sue and recover on a pledged instrument in his own name and apply the proceeds to the debt. From this appellants argue that *only* the pledgee may sue; otherwise, the debtor will be exposed to double

liability for the same debt. I agree that the law must protect the debtor from double liability. However, when property is pledged, legal title remains in the pledgor. *McAllen State Bank v. Texas Bank & Trust Co.*, 433 S.W.2d 167, 171 (Tex.1968). Legal title vests the pledgor with standing to sue for enforcement. *See Randolph*, 141 S.W.2d at 1034–35. To prevent double liability, if the pledgor sues and recovers on the debt, the debtor is relieved of liability and the pledgee is barred from further enforcement ·action. *Id.*

Absent supersedeas, Schaefer was thus entitled to enforce the judgment through a turnover order and, by statute, entitled to recover attorney's fees. But in what amount? I agree with the majority that, in the absence of a special exception, a pleading seeking "at least $1,500" sufficiently supports an award in excess of $1,500. But I cannot agree that, when the movant's uncontroverted evidence establishes that $1,500 is a reasonable amount of attorney's fees, a trial judge has virtually unbridled discretion to award more—based upon a weighing of intangible factors that conflicts with the uncontroverted testimony and that is nowhere supported by the record.

My disagreement with the majority begins with its reliance on an abuse of discretion standard divorced from traditional legal and factual sufficiency review. In support of its holding, the majority cites *Oake v. Collin Cty.*, 692 S.W.2d 454, 455 (Tex.1985), and *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 937 (Tex.App.–Austin 1987, no writ). *Oake*, however, held simply that in a declaratory judgment action the decision *whether* to award attorney's fees is governed by an abuse of discretion standard; the *Oake* Court nowhere indicated that the reasonableness of the amount of attorney's fees awarded was likewise to be reviewed on an abuse of discretion standard divorced from traditional sufficiency review. *Landon,* on the other hand, held that an abuse of discretion standard governed the trial court's directing a remittitur of a jury's finding of excessive attorney's fees. However, in so holding, the

Austin Court of Appeals made clear that it did so only because it believed itself bound by *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835 (1959), and it expressly invited the supreme court to revisit the issue. This invitation was accepted by the supreme court, and factual sufficiency became the standard of review in remittitur cases, including those involving attorney's fees. *See Snoke v. Republic Underwriters Ins. Co.,* 770 S.W.2d 777, 777–78 (Tex.1989) (per curiam) (court of appeals to review trial court's direction of remittitur of attorney's fees on sufficiency standard)); *Larson v. Cactus Util. Co.,* 730 S.W.2d 640, 641 (Tex.1987) (court of appeals to review trial court's direction of remittitur on sufficiency standard); *Pope v. Moore,* 711 S.W.2d 622, 624 (Tex. 1986) (per curiam) (court of appeals to direct remittitur on sufficiency standard).

In my view, these cases establish that the amount of an attorney's fee award, like any other fact question, is subject to traditional legal and factually sufficiency review. Accordingly, the trial court abuses its discretion if its attorney's fee award is not supported by legally or factually sufficient evidence. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990) (trial court abused its discretion in disregarding "evidence that is clear, direct and positive, and not contradicted by any other witness or attendant circumstances. . . ."); *Valley Coca–Cola Bottling v. Molina,* 818 S.W.2d 146, 149 (Tex.App.–Corpus Christi 1991, writ denied) (where uncontroverted evidence established that reasonable appellate attorney's fees were $11,779, trial court abused its discretion in awarding $20,000). Indeed, this court has reviewed attorney's fees under the traditional test for legal sufficiency. *See Jackson v. Barrera,* 740 S.W.2d 67 (Tex.App.–San Antonio 1987, no writ).

In this case, the only evidence offered at trial on the issue of attorney's fees was from Schaefer's attorney, Robert Loree. Prior to testifying, Loree represented to the court that $1,500 was a reasonable fee for his work in this matter—filing the application for a turnover order, attending two hearings, and

dealing with the district clerk regarding his rejection of appellants' tendered supersedeas bond. Loree's testimony on the attorney's fee issue was brief: "I have nothing except that if I'm sworn in, I still ask for $1500 attorney's fees on previous representations to the court, and they are reasonable attorney's fees, in my opinion." In this case, as in *Ragsdale*, the "evidence ... is clear, direct and positive, and not contradicted by any other witness or attendant circumstances." *See Ragsdale*, 801 S.W.2d at 882. Accordingly, I would hold that the trial court abused its discretion in disregarding the uncontroverted evidence, even—or perhaps especially—if it did so in favor of intangibles nowhere mentioned in this record.

The amount involved in this case is relatively small, but the principle of law promulgated by the majority is dangerous indeed— under the majority opinion, a trial judge has discretion to award over three times the amount claimed by the movant and established by the uncontroverted evidence. I respectfully dissent.