**UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, Appellant,**

v.

**Melinda MULLINS, Appellee.**

**No. 14–01–00347–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 2001.

Nichelle A. Cobb, Austin, for appellant.

Sam M. Yates III, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

ANDERSON, Justice.

University of Texas Medical Branch at Galveston ("UTMB") appeals the trial court's denial of its plea to the jurisdiction of the court. In its plea, UTMB asserted appellee's, Melinda Mullins' ("Mullins"), claims are barred on the basis of governmental immunity. In one appellate issue UTMB contends the trial court erred in overruling its plea to the jurisdiction. We reverse and render judgment granting UTMB's plea.

## I. FACTUAL BACKGROUND

Mullins sought treatment at UTMB in September 1993. She remained a patient there during the birth of her son. Because of her past drug use, Mullins requested a blood test. The test revealed Mullins was HIV positive. However, Mullins alleges the results of the blood test were never communicated to her. Mullins became very ill in December 1997, and it was at that time Mullins first learned, from a third party, she was HIV positive. Mullins was told, based upon her viral load, she had been HIV positive for approximately three to ten years.

Upon discovering her HIV status, Mullins went back to UTMB to find out what her blood test results were in 1993. Mullins confirmed that she was, in fact, HIV positive when she was a patient at UTMB. Mullins' pleadings assert the staff at UTMB fraudulently concealed her HIV positive status. Mullins also alleges she was not informed of her status because the labor and delivery staff at UTMB are not trained in how to inform obstetrical patients of a positive HIV test.

UTMB, as an agent for the State, filed a plea to the jurisdiction asserting sovereign immunity. The trial court denied UTMB's plea. UTMB brings this appeal pursuant to section 51.014 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001) (permitting an appeal from an interlocutory order granting or denying a plea to the jurisdiction by governmental unit).

## II. DISCUSSION

### A. Standard of Review: Plea to the Jurisdiction

■ Sovereign immunity embraces two principles: immunity from suit and immunity from liability. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 637 (Tex. 1999). Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Id.* (citing *Fed. Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997); *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 814 (Tex.1970)). Governmental immunity from suit defeats a trial court's subject matter jurisdiction. *Id.* at 638; *Duhart v. State,* 610 S.W.2d 740, 741 (Tex.1980). A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Jones,* 8 S.W.3d at 638. The party suing a governmental agency must affirmatively establish in its pleadings the State's consent to suit, "which may be alleged either by reference to a statute or to express legislative permission." *Id.* (citing *Missouri Pac.,* at 814; *Ntreh v. Univ. of Texas at Dallas,* 936 S.W.2d 649, 651 (Tex.App.—Dallas 1996), *rev'd in part on other grounds,* 947 S.W.2d 202 (Tex.1997)).

■ The trial court must look solely to the pleadings in determining whether it has subject matter jurisdiction over the case challenged by a plea to the jurisdiction. *Amador v. San Antonio State Hosp.,* 993 S.W.2d 253, 254 (Tex.App.—San Antonio 1999, pet. denied). On appeal, the allegations set forth in the pleadings are taken as true and are construed in favor of the pleader. *Id.* Subject matter jurisdiction is a question of law that is reviewed *de novo. Id.* at 255. Therefore, we review the trial court's denial of UTMB's plea to the jurisdiction *de novo* to determine whether Mullins's pleadings state a claim falling within the limited waiver of govern-mental immunity established by the Legislature in the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM CODE ANN. § 101.001 *et seq.* (Vernon 1997). Our task is to determine whether the facts pleaded in the petition support the trial court's jurisdiction. *UTMB v. Hohman,* 6 S.W.3d 767, 771 (Tex.App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

### B. Limited Waiver of Sovereign Immunity Under the Texas Tort Claims Act

■ In Texas, under the doctrine of sovereign immunity, a governmental agency is not liable for the torts of its officers or agents unless there is a constitutional or statutory provision waiving immunity. *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976) (citing *Texas Highway Dep't v. Weber,* 147 Tex. 628, 219 S.W.2d 70 (1949)). Sovereign immunity can only be waived by clear and unambiguous language. *Univ. of Texas Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994).

■ The Texas Legislature enacted the TTCA to waive sovereign immunity in limited circumstances. *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 585 (Tex. 1996) (observing that the legislature did not intend to abolish sovereign immunity). The section of the TTCA applicable in this case waives immunity for *"personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997) (emphasis added).

Section 101.056 of the TTCA further restricts the State's waiver of immunity by providing that even if the alleged negligence involves the use or misuse of tangible property, the TTCA does not waive

immunity for "the failure of a governmental unit to perform an act that the unit is not required by law to perform; or a governmental unit's decision not to perform an act ... if the law leaves performance or nonperformance of the act to the discretion of the governmental unit." *Id.* § 101.056.

### C. Mullins's Deficient Pleadings

■ It is undisputed that UTMB is a governmental entity entitled to assert sovereign immunity. As such, it was Mullins's burden to plead facts which, taken as true, would invoke the trial court's jurisdiction. In her first amended original petition, Mullins asserts: (1) UTMB did not train its labor and delivery staff on how to inform obstetrical patients of a positive HIV test; (2) UTMB fraudulently concealed her test results; (3) UTMB staff never followed up on her test results despite statements written in her medical chart; and (4) UTMB was negligent and grossly negligent in regard to the events at issue.

■ In order to state a claim under TTCA, Mullins was required to plead that her injuries were caused by a condition or use of tangible personal property. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). Tangible personal property refers to something that is corporeal and palpable. *York*, 871 S.W.2d at 178. Information is an abstract concept that is intangible; the fact that information is recorded does not render the information tangible. *Id.* at 179. Thus, the State has not waived sovereign immunity by the use or misuse of information transcribed in a patient's medical records. *Id.; Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994) (holding that pleadings which contained allegations that a patient's suicide was due, in part, to misuse of medical records did not state a claim under the TTCA).

The gravamen of Mullins's complaint is that, although the positive reading from her HIV test was documented in her chart, UTMB failed to communicate the results to her. As stated above, information, even though transcribed in a medical chart, is not tangible property. *Id.* Thus, Mullins's allegation that UTMB failed to advise her of her test results does not give rise to a claim under the TTCA. *York*, 871 S.W.2d at 179 (holding that the State did not waive governmental immunity by the use, misuse, or non-use of information in a medical record). Because Mullins failed to state a claim involving the use or misuse of tangible personal property, Mullins failed to state a claim falling within the limited waiver of governmental immunity established in the TTCA. The trial court erred in denying UTMB's plea to the jurisdiction. Accordingly, we sustain UTMB's sole appellate issue.

### III. CONCLUSION

We reverse the judgment of the trial court and render judgment granting UTMB's plea to the jurisdiction.