Affirmed and Opinion filed July 18, 2002









Affirmed and Opinion filed July 18, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00082-CV

____________

 

WINDELL C. KIDD AND WILMA J. KIDD, INDIVIDUALLY, AND AS
REPRESENTATIVES OF THE ESTATE OF EDWARD RAY KIDD,
Appellants

 

V.

 

THE BRENHAM STATE SCHOOL TEXAS DEPARTMENT OF MENTAL HEALTH AND
MENTAL RETARDATION AND EUGENE S. DAVIS, M.D.,
Appellees

 



 

On
Appeal from the 335th District Court

Washington
 County,
Texas

Trial
Court Cause No. 31641

 



 

O
P I N I O N

Appellants
Windell C. Kidd and Wilma J. Kidd, appearing
individually and as 
representatives of the Estate of Edward Ray Kidd, brought medical
negligence claims against appellees, the Brenham
State School Texas Department of Mental Health and Mental Retardation and
Eugene S. Davis, M.D. in connection with the death of their son, Edward.  The trial judge granted motions to dismiss
the Kidds= claims, inviting them to Atake these up and let the Court of Appeals straighten me out if
I=m
wrong.@  Finding he was not, we affirm.








Edward
Ray Kidd was institutionalized for most of his forty years, with a long medical
history including blindness, profound mental retardation, severe speech
impairment, generalized seizures, hemiparesis, neurological  damage,
and chronic constipation.  On the morning
of Friday, May 12, 1995, he was examined by the state school=s
physician, Dr. Eugene Davis, for an infected toe, a possible urinary tract
infection, and an unexplained weight loss. 
Dr. Davis prescribed an antibiotic and ordered a urinalysis from a
nearby lab. The lab later faxed the results back to Brenham State School, but
no one saw the results until the following Monday because the fax room door was
locked for the weekend.  The lab results
showed an excessively high level of glucose and trace levels of ketonuria, indicating a serious medical condition. 

During
his examination Dr. Davis also discovered signs of constipation, and ordered
x-rays, a soap suds enema, and one liter of Golytely.  Kidd went
to bed around 8:00 p.m. that evening, and was found in respiratory and cardiac
distress during a 10:30 p.m. bed check. 
He was transported by ambulance to a nearby hospital, but did not
respond to emergency treatment, and died shortly before midnight.  The cause of death was later determined to be
an uncommon form of diabetes. 

The
Kidds filed suit alleging the state school and Dr.
Davis negligently used tangible personal property that proximately caused their
son=s
death.  Brenham State School filed a plea
to the jurisdiction asserting governmental immunity.  Davis filed a motion to dismiss because the Kidds= expert reports were untimely. 
The trial court granted both motions and dismissed the Kidds= suit.  They appeal,
asserting two points of error.

                                                         Plea
to the Jurisdiction

            In
their first point, the Kidds allege the trial court
erred in granting the state school=s plea to the jurisdiction. 
They assert governmental immunity is waived in this case because the
Texas Tort Claims Act allows suits based on a negligent condition or use of
tangible personal property.  See Tex. Civ. Prac. & Rem. Code '
101.021(2). 








The
construction and application of Atangible personal property@ under section 101.021(2) has had a long and contentious
history.  See University of Texas
Medical Branch v. York, 871 S.W.2d 175 (Tex. 1994)(majority
and dissenting opinions).  Nonetheless,
it is clear that there must be an actual use of some tangible property that
actually causes an injury; mere non-use of property, or mere involvement in an
incident, is not enough.  See Texas Department of Criminal Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001).  We may consider both pleadings and evidence
in determining whether the Kidds have stated a claim
under the Tort Claims Act, see id. at 587, so
we review both their pleadings and the expert reports presented at the hearing
on the state school=s plea.

Edward
Kidd died from diabetes; none of the items alleged by the Kidds
caused this condition.[1]  The use of a fax machine in a locked room may
have kept information from being used, but a failure to communicate is not a
misuse of tangible property.  See
University of Texas Medical Branch at Galveston v. Mullins, 57 S.W.3d 653,
657 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (holding
failure to inform plaintiff of positive HIV test result was not misuse of
tangible property).  Nor is it enough to
show the non-use of tangible property (in this case insulin, or a telephone to
get the results earlier).  See Miller,
51 S.W.3d at 588. 
The Kidds= expert witness reports pointed to information that should have
alerted medical personnel to their son=s deteriorating condition and led to different treatment, but
misdiagnosis or poor judgment is not a use of tangible property.  See id.  Finally, the items of tangible property that
were used (the enema, Golytely, and tetracycline) may
have been involved but did not cause Kidd=s death.  See id.

We
hold the trial court properly granted Brenham State School=s
plea to the jurisdiction, and overrule appellants=
first point of error. 

                                                                              








                          Dismissal
for Failure to Timely File Expert Report

In
their second point, the Kidds contend the trial court
erred in granting Davis=s motion to dismiss.  The
Kidds filed suit on July 31, 1996; expert reports and
resumes were due 180 days later on January 28, 1997.  See Tex.
Rev. Civ. Stat. Ann. art.
4590i, '
13.01(d).  Reports were not
provided until March 27th and May 9th, 1997, and resumes not
until four years after suit was filed. 

 Davis raised no complaint about the late
filings until his motion to dismiss on September 13, 2000, approximately one
month before trial.  Before the hearing
on that motion, the Kidds filed a motion  requesting an extension to make their
filing timely.  See id., '
13.01(g).  Following a hearing, the trial
court denied an extension and granted the motion to dismiss.  We review for abuse of discretion.  American Transitional
Care v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001).

Subsection
13.01(g) of art. 4590i provides that 

Notwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established by Subsection (d) of
this section and after hearing the court finds that the failure of the claimant
or the claimant=s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with that
subsection.  A motion by a claimant for
relief under this subsection shall be considered timely if it is filed before
any hearing on a motion by a defendant under Subsection (e) of this section.   

The
Kidds argue Davis could not have been prejudiced by
the late filing of their expert reports, because they were in the hands of his
counsel more than three years before trial. 
But the statute takes no account of prejudice.  If the deadlines pass without a report being
submitted, it is no excuse that the health care provider knew perfectly well
what the experts would say.








The
Kidds also argue they could not request an extension
until Davis moved to dismiss.  But the
statute says nothing of the kind.  It is
true a motion for extension is timely so long as it is filed before any hearing
on the motion to dismiss.  See '
13.01(g); Pfeiffer v.
Jacobs, 29 S.W.3d 193, 197 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (holding 30-day grace period may be requested at any time before
hearing on defendant=s motion to dismiss).  But as with the reports themselves, the
deadlines do not prohibit earlier filings. 


The
deadlines in the statute are clear, and there is no question the Kidds did not timely file the reports.  Thus, their only statutory recourse was an
extension under section 13.01(g) for unintentionally missing the filing
deadline.  At the dismissal hearing in this
case, the trial court repeatedly asked for such proof.  Counsel for the Kidds
admitted he was aware of the statutory deadlines, but testified as follows:

[T]he
ball was dropped in my office . . . .  I
could testify more clearly if this matter had been brought up three years ago
where I could go back to my office and see exactly what happened.  In three years the secretary, who was my
paralegal doing most of my documents, she is no longer in my office so I can=t
really question her to exactly what happened, but it is clear that probably the
ball was dropped, but it was not intentional. 
And, again, if we hadn=t
waited three years I could give this Court more clear answers.

 

He also
speculated that Athe only thing@ he could think of is AI must have miscounted the days that I had to get them to them.@  No other explanation was tendered.[2]  

On
this record, we cannot say the trial court abused its discretion.  The statute places no deadline for a
defendant=s motion to dismiss; defendants apparently may wait for years,
although they forfeit some of the cost-reduction protections of the statute by
doing so.  Conversely, the Kidds need not await a motion to dismiss before requesting
a section 13.01(g) extension; when the Kidds=
counsel filed these reports late, nothing prevented him from requesting the
extension and proving the reasons at that time when his memory of the facts was
fresher.








Trial
courts are not required to grant a section 13.01(g) extension every time an
attorney Adrops the ball@ or says he miscounted the days.  In this case, one report was 58 days late, a
second was 101 days late, and the resumes were over three years late.  The trial court could have concluded this was
more than a counting error.  The order
granting Davis=s motion to dismiss was not an abuse of discretion, and the Kidds= second point of error is overruled. 

The
judgment is affirmed.

 

 

 

 

 

/s/        Scott
Brister

Chief Justice

 

 

 

Judgment rendered and Opinion filed July
18, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex. R.
App. P. 47.3(b).

 

 

 











[1]  In their
brief, appellants point to the fax machine, soap suds
enema, Golytely, tetracycline, door locks, weight
scales, telephone, and the room housing the fax machine as the tangible
property used.





[2]  Contrary to appellants= statement in their brief, the record does not show
any affidavits were filed in support of the motion for extension.