Affirmed and Opinion filed December 31, 2002










Affirmed and Opinion filed December 31, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00497-CV

____________

 

THE UNIVERSITY OF TEXAS MEDICAL
BRANCH AT GALVESTON, TEXAS,

Appellant

 

V.

 

KEVIN A. WOOD, Appellee

 



 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 01CV1075

 



 

O P I N I O N

Appellant, The University of Texas Medical Branch at
Galveston, Texas, (AUTMB@) challenges the trial court=s denial of its plea to the
jurisdiction.  Appellee, Kevin A. Wood,
alleged in his petition that UTMB negligently failed to remove a foreign object
in his foot and that such failure constituted a negligent use of tangible
property under the Texas Tort Claims Act (ATTCA@). 
UTMB argues that appellee=s failure to plead specific facts
describing the actual negligent use of tangible property bars the waiver of
governmental immunity.  We affirm.




FACTUAL AND PROCEDURAL BACKGROUND

Appellee injured his foot after stepping on an oyster
shell.  Shortly thereafter, he presented
himself to UTMB=s emergency facilities, where he was treated and
released.  The next day, he developed a
number of new symptoms, including severe pain in his foot, a high fever,
infection, and blood poisoning.  Clear
Lake Regional Medical Center surgeons operated and removed multiple foreign
bodies imbedded in his foot.  Appellee
filed suit against UTMB alleging medical negligence in the use of its equipment
and facilities.

UTMB=s answer included a brief plea to the jurisdiction.  Under the TTCA, a governmental unit in the
state is liable for Apersonal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.@ 
Tex. Civ. Prac. & Rem. Code
' 101.021(2).  UTMB contends that appellee wholly failed to
allege any negligent use of tangible property which could bring the claim
within the immunity waiver provisions of the TTCA.








UTMB later filed a plea to the jurisdiction and motion to
dismiss with arguments and authorities.[1]  Attempting to avail itself of the TTCA,
appellee averred in his original petition that he was injured A[b]ecause Defendant was negligent in
the use of its equipment and facilities by failing to remove an oyster shell
fragment from the cut to Plaintiff=s foot.@ 
Appellee contends that the phrase Anegligent in the use of its equipment
and facilities@ is sufficient to bring his claim
under the TTCA, which holds a governmental unit liable for personal injury
caused by Ause of tangible personal or real
property.@ 
Reiterating this phrase, the plaintiff concluded his petition with the
allegation that A[d]efendant=s negligence in the use of its equipment and facilities was a
proximate cause of the medical complications resulting to Plaintiff=s foot and his damages.@ 
UTMB did not specially except to the language in the plaintiff=s original petition.  Rather, UTMB maintains appellee has failed to
allege any facts which, if proved, would bring his suit within the immunity
waiver provisions of the TTCA.  The trial
court denied UTMB=s plea to the jurisdiction.

STANDARD OF REVIEW

Appellate courts review the trial court=s ruling on a plea to the
jurisdiction under a de novo standard of review.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). A plea to the jurisdiction is a dilatory plea, the
purpose of which is to defeat a cause of action without regard to whether the
claims asserted have merit.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The purpose of a dilatory plea is not to
force the plaintiff to preview his case on the merits but to establish a reason
why the merits of his claims should never be reached.  Id. 
Throughout this inquiry, we are mindful that subject matter jurisdiction
is never presumed and cannot be waived.  Tex.
Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443B44 (Tex. 1993).

DISCUSSION








Our task is to decide whether the facts pleaded in the
petition support the trial court=s jurisdiction.  Univ. of Tex. Med. Branch at Galveston v.
Mullins, 57 S.W.3d 653, 656 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  To determine whether appellee has
affirmatively demonstrated the court=s jurisdiction to hear the case, we
consider the facts alleged in the petition, and any evidence submitted by the
parties to the trial court.  Tex.
Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864, 868 (Tex.
2001).  Since a governmental unit is
protected from suit by sovereign immunity, pleadings in a suit against a
governmental unit must affirmatively demonstrate, either by reference to a
statute or express legislative permission, that the legislature consented to
the suit.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  In his plea to the jurisdiction, UTMB argues
that the bare assertion without the pleading of facts or offering of evidence
describing the actual negligent use of tangible property does not allow appellee
to avoid the application of governmental immunity and thus, there is no
jurisdiction.  Appellee maintains that
the proper mechanism to challenge its pleading was not a plea to the
jurisdiction but rather a special exception. 
In analyzing the distinction between these two procedural tools, the
Supreme Court recently observed:

In deciding a plea to the jurisdiction, a court may
not weigh the claims= merits but must consider only the plaintiffs= pleadings and the evidence pertinent to the
jurisdictional inquiry.  When we consider
a trial court=s order on a plea to the jurisdiction, we construe the
pleadings in the plaintiff=s favor and look to the pleader=s intent.  When
a plaintiff fails to plead facts that establish jurisdiction, but the petition
does not affirmatively demonstrate incurable defects in jurisdiction, the issue
is one of pleading sufficiency and the plaintiff should be afforded the
opportunity to amend.  On the other hand,
if the pleadings affirmatively negate the existence of jurisdiction, then a
plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend.

County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  Thus, we are called upon to determine whether
this case involves a pleading deficiency or a jurisdictional defect.

To find that the plaintiff=s original petition affirmatively
demonstrates an absence of jurisdiction, it must be true that the negligent use
of equipment and facilities by a state entity is not actionable under the
TTCA.  Cf. Tex. Civ. Prac. & Rem. Code ' 101.021(2).  Appellee=s allegations fall within the
confines of the TTCA, as its purpose is to make liable governmental units for
precisely that type of conduct.  When an
original petition does not affirmatively demonstrate an absence of jurisdiction,
a liberal construction of the pleadings is appropriate.  Peek v. Equip. Serv. Co. of San Antonio,
779 S.W.2d 802, 805 (Tex. 1989).  Indeed,
unless it is clear from the pleadings that the court lacks jurisdiction, the
court should retain the case.  Id.  (holding that the omission of any allegation
regarding the amount in controversy from plaintiff=s petition did not deprive the court
of jurisdiction, but was instead a defect in pleading subject to special
exception and amendment).  








We find that appellee adequately invoked the applicable
provisions of the TTCA.  In analyzing
whether the trial court properly exercised jurisdiction over the case, we note
that a plaintiff=s mere reference to the TTCA does not establish the state=s consent to be sued and thus is not
enough to confer jurisdiction on the trial court.   Texas Dep=t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001).  Therefore, we must look to the
terms of the TTCA to determine the scope of its waiver and then consider the
particular facts of the case before us to determine whether it comes within
that scope.  Id.  To state a claim under the TTCA a plaintiff
must plead that his injuries were caused by a condition or use of tangible
personal property.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(2); see also Mullins,
57 S.W.3d at 657.  Under Texas case law,
to Ause@ means Ato put or bring into action or
service; to employ for or apply to a given purpose.@ 
Miller, 51 S.W.3d at 588. 
Put simply, the use of the tangible property must have actually caused
the injury.  Id.

That the plaintiff=s original petition was vague as to
the exact equipment or facilities alleged to be negligently used does not
deprive the court of jurisdiction.  In
his original petition, appellee averred that UTMB was negligent in the use of
its equipment and facilities by failing to remove the oyster shell fragment.[2]  This language tracks that of the
statute.  At the hearing on UTMB=s plea to the jurisdiction, appellee
speculated that Athere was a misuse of the probing instruments or the
irrigation equipment used to clean the wound.@[3] 
We cannot say that such vagaries deprive the court of jurisdiction,
especially when UTMB had procedural mechanisms at its disposal to force a
clarification of the pleadings.

Under the Texas Rules of Civil Procedure, a special exception
is the procedural device by which an adverse party may force clarification of
vague pleadings.  See Fort Bend County
v. Wilson, 825 S.W.2d 251, 253 (Tex. App.CHouston [14th Dist.] 1992, no writ); Centennial
Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 483 (Tex. App.CHouston [14th Dist.] 1991, no writ) (AOnly after special exceptions have
been sustained and a party has been given an opportunity to amend its pleadings
may a case be dismissed for failure to state a cause of action.@) UTMB did not specially except to
appellee=s pleadings.  See Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 897 (Tex. 2000) (noting that when a party fails to specially
except courts should  construe the
pleadings liberally in favor of the pleader). 
An opposing party should use special exceptions to identify defects in a
pleading so that they may be cured, if possible, by amendment.  Id. 
Special exceptions that are not called to the trial court=s attention and on which the record
does not show that the trial court acted are waived.  Palomin v. Zarsky Lumber Co., 26
S.W.3d 690, 695 (Tex. App.CCorpus Christi 2000, pet. denied); McAllister v. Samuels,
857 S.W.2d 768, 773 (Tex. App.CHouston [14th Dist.] 1993, no writ).  Thus, had UTMB specially excepted, it could
have forced appellee to cure defects in his pleadings.  Id.[4]  We do not find, under the facts of this case,
that a plea to the jurisdiction is the appropriate mechanism. 




CONCLUSION

We affirm the judgment of the trial court denying UTMB=s plea to the jurisdiction.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

 

Judgment rendered
and Opinion filed December 31, 2002.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 











[1]  UTMB, a state
entity, is entitled to sovereign immunity. 
See Bagg v. Univ. of Tex. Med. Branch at Galveston, 726 S.W.2d
582, 584 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e..) (AUTMB is
clearly a state agency entitled to the same sovereign immunity enjoyed by the
State of Texas.@).  Accordingly,
UTMB is not liable for the torts of its officers or agents unless a
constitutional or statutory provision waives its immunity.  Univ. of Tex. Med. Branch at Galveston v.
Mullins, 57 S.W.3d 653, 656 (Tex. App.CHouston
[14th Dist.] 2001, no pet.). 





[2]  UTMB contends
that appellee=s expert report establishes that it was not the use of
tangible property which caused the injury. 
In considering this argument, we are mindful that the Texas Supreme
Court has made clear that courts may consider evidence outside of the pleadings
in reviewing the pleas to the jurisdiction. 
County of Cameron, 80 S.W.3d at 555 n.3; Blue, 34 S.W.3d
at 554 (A[A] court deciding a plea to the jurisdiction is not
required to look solely to the pleadings but may consider evidence and must do
so when necessary to resolve the jurisdictional issues raised@).  The
plaintiff submitted the expert report in conjunction with his claim under the
Texas Medical Liability and Insurance Act. 
See Tex. Rev. Civ. Stat.
Ann. art. 4590i et seq. 
However, the Act seems to prohibit the consideration of the expert
report in the plea to the jurisdiction context. 
The Act states that A[n]otwithstanding any other law, an expert report filed
under this section: (1) is not admissible in evidence by a defendant; (2) shall
not be used in a deposition, trial, or other proceeding; and (3) shall not be
referred to by a defendant during the course of the action for any purpose.@  See Tex. Rev. Civ. Stat. Ann. art. 4590i ' 13.01(k).





[3]  UTMB argues
that any alleged failure to remove an oyster fragment is not a use, but rather,
a non-use of tangible property.  The
Texas Supreme Court has never held that a non‑use of property can support
a claim under the Texas Tort Claims Act. 
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996); Kassen
v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994). 





[4]  We do not
hold, nor do we intimate, that the filing of special exceptions is a necessary
prerequisite to a plea to the jurisdiction. 
To announce such a rule would prescribe an overly circuitous route for
litigators.  However, where, as here, a
plaintiff=s vague original petition tracks statutory language,
and such vagueness is the only deficiency identified as the incurable
jurisdictional defect, a defendant must first file special exceptions before
attempting to avail himself of a plea to the jurisdiction.