ACCEPTED
15-25-00070-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00070-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

*In the Fifteenth Court of Appeals*
*Austin, Texas*

CITY OF HUNTSVILLE, TEXAS,
*Appellant,*

v.

LUCIO CASTILLEJA and
LAURA CASTILLEJA,
*Appellees.*

On Appeal from the 278th District Court of
Walker County, Texas

## APPELLANT'S REPLY BRIEF

Ramon G. Viada III
State Bar No. 20559350
Viada & Strayer
17 Swallow Tail Court
The Woodlands, Texas 77381
(281) 419-6338
rayviada@viadastrayer.com

COUNSEL FOR APPELLANT
CITY OF HUNTSVILLE

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     STANDARD OF REVIEW REVISITED . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    UNSUPPORTED FACTUAL ASSERTIONS . . . . . . . . . . . . . . . . . . . . . . . 3

III.   NO FACT ISSUE SHOWING NEGLIGENT USE OF PROPERTY. . . . . . . . . 6

IV.   FAILURE TO PLEAD *RES IPSA* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.    SUFFICIENCY OF MR. KURZY'S EXPERT OPINIONS . . . . . . . . . . . . . 12

VI.   DERIVATIVE PUBLIC OFFICIAL IMMUNITY . . . . . . . . . . . . . . . . . . . 14

VII.  NO INTENTIONAL TAKING FOR PUBLIC USE. . . . . . . . . . . . . . . . . . . 14

VIII. NO COMPENSABLE BODILY INJURY . . . . . . . . . . . . . . . . . . . . . . . . 15

IX.   NO WAIVER FOR ATTORNEY FEES . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Banda v. City of Galveston,*
   No. 01-05-00331, 2006 Tex. App. LEXIS 8175,
   2006 WL 2640959 (Tex. App.—Houston [1st Dist.]
   Sept. 14, 2026, pet. denied) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . 7

*Bombrdier Aero. Corp. v. SPEP Aircraft Holdings, LLC,*
   572 S.W.3d 213 (Tex. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Burrow v. Arce,*
   997 S.W.2d 229 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*City of Austin v. Powell,*
   704 S.W.3d 437 (Tex. 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*City of Justin v. Rimrock Enters., Inc.,*
   466 S.W.3d 269 (Tex. App.—Fort Worth 2015, pet. denied) . . . . . . . 16

*City of San Antonio v. Maspero,*
   640 S.W.3d 523 (Tex. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*City of San Antonio v. Pollock,*
   284 S.W.3d 809 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Critical Path Res., Inc. v. Cuevas,*
   561 S.W.3d 523 (Tex. App.—Houston [14th Dist.] 2018,
   pet. granted, judgm't vacated w.r.m) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Farm Servs. Inc. v. Gonzales,*
   756 S.W.2d 747 (Tex. App.—Corpus Christi 1988,
   writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Mack v. Moore*,
  669 S.W.2d 415 (Tex. App.—Houston [1st Dist.] 1984,
  no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*McConnell v. Southside Indep. Sch. Dist.*,
  858 S.W.2d 337 (Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rattray v. City of Brownsville*,
  662 S.W.3d 860 (Tex. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Sanders v. NAES Central, Inc.*,
  498 S.W.3d 256 (Tex. App.—Houston [1st Dist.] 2016,
  no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

*State Dep't of Crim. Justice v. Miller*,
  51 S.W.3d 583 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tex. Dep't of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Tex. Pipe Bending Co. v. Gibbs*,
  580 S.W.2d 41 (Tex. Civ. App.—Houston [1st Dist.]
  1979), *writ ref'd n.r.e.*, 584 S.W.2d 702 (Tex. 1979) . . . . . . . . . . . . . 11

*Town of Shady Shores v. Swanson*,
  590 S.W.3d 544 (Tex. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*United Servs. Auto Ass'n v. Croft*,
  175 S.W.3d 457 (Tex. App.—Dallas 2005, no pet.) . . . . . . . . . . . . . . 13

*Univ. of Tex. Health Sci. Ctr. v. Dickerson*,
  No. 14-13-00232-CV, 2014 Tex. App. LEXIS 1889,
  2014 WL 708521 (Tex. App.—Houston [14th Dist.]
  Feb. 20, 2014, no pet.) (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Univ. of Tex. Med. Branch at Galveston v. Mullins*,
   57 S.W.3d 653 (Tex. App.—Houston [14th Dist.] 2001,
   no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Statutes, Rules, and Other Citations

TEX. R. APP. P. 38.1(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. R. CIV. P. 166a(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

\* \* \* \* \*

v

<u>**APPELLANT'S REPLY BRIEF**</u>

Defendant-Appellant, City of Huntsville (the "City"), replies to the Castillejas' Appellees' Brief.

## I.    STANDARD OF REVIEW REVISITED.

Two assertions in the Castillejas' brief regarding the parties' respective burdens are false. Each is addressed below in turn.

First, the Castillejas falsely assert they do not carry the "sole burden" to establish each of their claims fit within a recognized waiver of immunity. Appellees' Br., p. 6. The Texas Supreme Court has unequivocally stated and held in numerous decisions that "jurisdiction may be challenged on evidentiary grounds and the burden to establish jurisdiction, including waiver of a government defendant's immunity from suit, is on the plaintiff." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019).[1] "There is 'a presumption against any waiver until the plaintiff establishes otherwise.'" *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)).

---

[1] *See also City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) ("The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity.").

Second, the Castillejas falsely assert that the City's burden below mirrored the standard of conclusive proof applicable to traditional summary judgments under TEX. R. CIV. P. 166a(c). Appellees' Br., pp. 6-7. While it is true that the standard applicable to an *evidence-based* plea to the jurisdiction "generally mirrors" the traditional summary judgment standard, *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004), the City in this case also invoked the no-evidence summary judgment procedure of Rule 166a(i) on the essential elements of the Castillejas' claims. Where a challenge to jurisdiction that implicates the merits is properly made and supported, as here, by a no-evidence motion for summary judgment, "the plaintiff will be required to present sufficient evidence on the merits of her claims to create a genuine issue of material fact." *Swanson*, 590 S.W.3d at 552. "[T]o avoid the movant's entitlement to [no-evidence] summary judgment," the nonmovant must "expressly" point out fact issues in its written response. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

The City's plea/no-evidence MSJ in this case is essentially the hybrid jurisdictional challenge of the sort reviewed in *City of Austin v. Powell*, where the Court wrote:

> [T]he City's plea to the jurisdiction most closely mirrors a no-evidence motion for summary judgment. It argues that Powell failed to establish jurisdictional facts after adequate time for discovery. We therefore review Powell's allegations and evidence (considering the City's undisputed evidence only for context), and we determine whether Powell has raised a fact issue regarding the Tort Claims Act's immunity waiver.

*Id.*, 704 S.W.3d at 448.

## II.   UNSUPPORTED FACTUAL ASSERTIONS.

To mask the absence of any evidence of liability on the part of the City, the Castillejas devote a significant portion of their brief to red herring arguments about the sufficiency of their pleadings. The Court can disregard most of those arguments. This appeal only raises one challenge to the pleadings – the absence of pleadings to place *res ipsa loquitur* in issue in this case. *See* Appellant's Br., Issue III.A.1, p. 3; *see also* Argument VI.D.2, pp. 24-25. The Castillejas essentially concede they did not plead *res ipsa* but argue instead a specific pleading of *res ipsa* or the preconditions for its application was unnecessary. Appellees' Br., p. 13. The rest of the City's appeal is based on absence of legally sufficient to prove the essential elements of the Castillejas' negligence and takings causes of action.

3

The Texas Rules of Appellate Procedure require appellate briefs to support factual assertions with record references – to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record" on appeal. TEX. R. APP. P. 38.1(g). Much of the Castillejas' brief is bereft of any record reference to the factual assertions made therein. The Court should thus disregard all such unsupported factual assertions. The only evidence cited by the Castillejas on the liability elements is evidence the City submitted in support of its plea. The material appellate issues, therefore, nearly all consist of whether the City's own evidence raises a fact issue on the material elements of the Castillejas' claims.

In their brief, the Castillejas assert, without record citation, that "the force generated by the jetting process resulted in an explosion of sewage into the Castilleja residence." Appellees' Br., p. 8; *see also* pp. 11, 17. The City showed that the only "force" pushing sewage into the low-lying Castilleja residence was the force of gravity from surcharged sewage accumulated behind the blockage. *See* Kurzy Declar.,¶ 9 (CR 127-28). No evidence is cited to show otherwise.

4

The Castillejas also assert, without citation, that Mr. Kurzy's analysis shows "the force and direction of water used by the nozzle . . . was excessive for the sewer conditions present." Appellees' Br., p. 9. To the contrary, Mr. Kurzy's Declaration expressly states that the pressures and methods used by the city jetter crew were acceptable according to recognized industry standards. *See* Kurzy Declar., ¶¶ 5, 6 (CR 125-26).

The Castillejas also assert, without citation, that "[i]ndustry protocols require pre-jetting inspections, downstream monitoring, and elevated caution in neighborhoods with known grade differentials." *See* Appellees' Br., p. 17. No evidence exists of these claimed protocols or to show that the city crew departed from any industry standards.

The Castillejas cite Paragraph 2 of Mr. Bruno's Declaration for the proposition that "sewage began entering the Castillejas' home while the City's workers were actively conducting jetting upstream." Appellees' Br., p. 16 (citing CR 122). Mr. Bruno's testimony is exactly the opposite:

> When the blockage was broken by the jet, it was discovered that the truck was empty of water, so the jetter was turned off. Several minutes after the jetter was turned off, the resident at 923 exited her home and pointed to sewage that had entered her home.

5

(CR 122) (emphasis added).

Finally, in two places in their brief, the Castillejas state that Mr. Kurzy's inspection of the site should have occurred before the incident, in 2022, rather than post-litigation as it did, on October 11, 2024; and they then make the illogical leap by imputing these 2024 *post hoc* measurements to the jetter crew. Appellees' Br., pp. 10, 14. No evidence exists, let alone cited, to show that Mr. Kurzy's *post hoc* measurements were available to, or known by, the City jetter crew before the incident. Nor was any evidence cited to show that the City jetter crew knew the Castilleja property was unprotected by any backflow prevention valve that could have been installed when their plumber or builder connected their residence to the City sewer main in 2000.

## III. NO FACT ISSUE SHOWING NEGLIGENT USE OF PROPERTY.

"[T]he court must grant the plea if the evidence fails to raise a question as to the existence of a jurisdictional fact." *City of Austin v. Powell*, 704 S.W.3d at 448.

The Castillejas lead off their brief with an express waiver of claims relating to the "Wastewater Treatment Facility," whatever that term may mean. *See* Appellees' Br., p. 1. Their focus instead is on claims arising out

6

of the alleged negligent use or operation by the City of sewer jetting motor-equipment. *Id.* The only evidence cited to support that claim is that:

 (1) the City used a motorized high-pressure jetter device to clear a reported blockage in the sewer main;

 (2) three homes located on the 900 block of Birmingham Street (including the Castillejas') experienced toilet overflows on November 3, 2022;

 (3) all three homes that experienced toilet overflows were connected by private lateral lines lying only a few inches above the level of the six-inch city sewer main; and

 (4) "sewage rolls downhill."

Appellees' Br., p. 10.

This is essentially a claim of *res ipsa loquitur* – it happened; thus, according to the Castillejas, some evidence of negligence can be inferred. The law does not support this inference. *See, e.g., Banda v. City of Galveston*, No. 01-05-00331, 2006 Tex. App. LEXIS 8175, *9-10, 2006 WL 2640959 (Tex. App.—Houston [1st Dist.] Sept. 14, 2026, pet. denied) (mem. op.) (Hanks, J.) (affirming dismissal in sewer backup case where evidence failed to show that sewer backup cases caused by negligence of the city work crew in its operation of a jetter device to clear sewer main of stoppage).

7

Evidence of a sewer backup which occurred shortly after a sewer line is cleared is, by itself, legally insufficient to raise any fact issue of negligence on the part of the City jetter crew in the *use or operation* of the jetter device, for reasons the City has explained. *See* Appellant's Br., pp. 27-33. No evidence is cited to show that:

- the crew used excessive pressure to remove the blockage from the line;

- the crew directed the water hose and nozzle improperly;

- the crew failed to stop using the device after the blockage was cleared;

- the crew deviated from any recognized industry standard in its operation of the jetter device;

- the device was even in "use" within the meaning of the Tort Claims Act when the surcharged wastewater moved downstream and into the lateral connecting line owned by the Castillejas;

- the force that lifted the accumulated sewage into the Castilleja residence was anything other than gravity;

- the crew knew, or should have known, that the Castillejas connected their property to the sewer line at a vulnerably low level;

- the work crew knew, or should have known, that the Castilleja residence was unprotected with a standard backflow prevention device that would have blocked the

8

surge of sewage that flowed downstream after the blockage was removed; and

- any prior incidents or backups had put the City on notice that the property was vulnerable to a sewage overflow in the event a work crew cleared the Birmingham Street sewer main of a blockage.

Throughout their brief, the Castillejas argue that the City can be held liable under a failure-to-warn theory. *See* Appellees' Br., pp. 11, 15, 17. But no failure to warn theory was pled. Nor was any duty to warn triggered on these facts, since no evidence exists to show that the crew was aware or had reason to know of any danger from use of the jetter device existed that could have been obviated by a warning.

And in any event, a failure to warn in this case does not implicate negligence in the "use" or "operation" of the motor-driven jetter device. *See, e.g.*, *Univ. of Tex. Health Sci. Ctr. v. Dickerson*, No. 14-13-00232-CV, 2014 Tex. App. LEXIS 1889, \*17, 2014 WL 708521 (Tex. App.—Houston [14th Dist.] Feb. 20, 2014, no pet.) (failure to warn or convey information does not implicate the use of tangible property waiver); *Univ. of Tex. Med. Branch at Galveston v. Mullins*, 57 S.W.3d 653, 657 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding complaint that the defendant hospital failed to communicate the results of a positive reading from an HIV test

9

documented in the plaintiff's chart was not a claim involving the use or misuse of tangible personal property).

## IV. FAILURE TO PLEAD *RES IPSA*.

The City will rely on its opening brief to support its contention that no evidence exists to support the application of *res ipsa loquitur*; and that the evidence submitted conclusively defeats any *res ipsa* inference, even if *arguendo* it could apply without proof of predicate facts. Appellant's Br., pp. 25-35. The City will here respond to the Castillejas' contention on appeal that "[i]n Texas, it is not necessary to specifically plead the doctrine of res ipsa loquitur to rely on it later at trial or on appeal." Appellees' Br., p. 13.

The two cases cited to support this assertion – *Sanders v. NAES Central, Inc.*, 498 S.W.3d 256 (Tex. App.—Houston [1st Dist.] 2016, no pet.), and *Farm Servs. Inc. v. Gonzales*, 756 S.W.2d 747 (Tex. App.—Corpus Christi 1988, writ denied) – are inapplicable because both involved pleadings of general negligence, not a specific act of negligence.

In *Sanders*, a pleadings challenge was not raised on appeal. Rather, the Court affirmed a no-evidence summary judgment for the defendant on grounds that no evidence supported the necessary predicate for *res ipsa* to

10

apply – grounds similar to those raised by the City. Discussion of the pleadings requirements only surfaces in a footnote of the dissenting opinion, where Justice Higley wrote, almost as an aside, that "[i]f a plaintiff's petition 'gives fair notice that he is not relying solely on specific acts but instead intends to also rely on any other negligent acts reasonably inferable from the circumstances of the accident, his pleading is sufficient to invoke the *res ipsa* doctrine.'" *Sanders*, 498 S.W.3d at 263 n.1 (quoting *Tex. Pipe Bending Co. v. Gibbs*, 580 S.W.2d 41, 45 (Tex. Civ. App.—Houston [1st Dist.] 1979), *writ ref'd n.r.e.*, 584 S.W.2d 702 (Tex. 1979)).

*Farm Services* is similar to Sanders, holding only that a "general allegation of negligence" in that case was sufficient to place *res ipsa* in issue. *See Farm Services*, 756 S.W.2d at 751.

In this case, by contrast, no general allegation of negligence was made; nor under the Tort Claims Act can such an allegation support a cause of action for which the waiver will apply. *See, e.g., State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001) ("the Tort Claims Act does not waive sovereign immunity for all negligence claims against governmental units."). To state a claim for which immunity is waived, the

negligent use of motor-driven equipment itself must actually cause the injury. *See id.*[2] No case holds that a city is presumed negligent if a house experiences a sewer backup during or shortly after a line-clearing operation.

## V.  SUFFICIENCY OF MR. KURZY'S EXPERT OPINIONS.

The Castillejas purport to rely on (mis)characterizations of Mr. Kurzy's testimony in their failed attempt to dispute Mr. Kurzy's opinions negating negligence, but elsewhere they have argued his opinions are incompetent. No reliability objections were made in the Court below; and therefore, any such objections made for the first time on appeal are waived. *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 816-17 (Tex. 2009).

To the extent the Castillejas challenge Mr. Kurzy's opinions as conclusory, that challenge is invalid. "An expert's testimony is conclusory when the expert asserts a conclusion with no basis." *Bombrdier Aero. Corp.*

---

[2] In *Sanders*, the dissenting justice further pointed out that "[plaintiff] Sanders did not plead any specific acts of negligence," and moreover, "defendant Amtech did not file any special exceptions to Sanders's petition *or challenge Sanders's reliance on the doctrine in its reply to its motion.*" *Id.* (emphasis added). The City's reply to the Castillejas' response did challenge the unpled reliance on *res ipsa*. (CR 193) ("*Res ipsa loquitur* must be pled."); *see also* RR, p. 7 (oral argument, pointing out no pleading to support *res ipsa*).

*v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 223 (Tex. 2019). An opinion is not conclusory if there is "a reasoned basis which the expert, because of his 'knowledge, skill, experience, training, or education,' is qualified to state." *United Servs. Auto Ass'n v. Croft*, 175 S.W.3d 457, 464 (Tex. App.—Dallas 2005, no pet.) (quoting *Burrow v. Arce*, 997 S.W.2d 229, 236 (Tex. 1999)).

Mr. Kurzy qualified himself as an expert, a municipal water and sewer systems engineer fully competent to give the opinion that the jetter crew in this case complied with the applicable industry standards for jetting a clogged sewer line. *See* Kurzy Declar. (CR 124-42). Mr. Kurzy analyzed the underlying facts – the relative elevations of the city sewer main and the Castillejas' connecting lateral line; the condition and capacity of the sewer line; the history of sewer backups in the area; the water pressures used by the crew to locate and dislodge the blockage; and the method used by the crew to approach the blockage and remove it – all analyzed according to published industry standards specified in his Declaration. *Id*. Because Mr. Kurzy described the facts upon which he relied and explained his reasoning process in examining those facts, his

opinions were not conclusory. *See Gulley v. State Farm Lloyds*, 461 S.W.3d 563, 571-72 (Tex. App.—San Antonio 2014, pet. denied).

As the Castillejas offered no controverting evidence, Mr. Kurzy's opinions on whether the City breached any duty of care in operating the jetter device are considered conclusively established. *See Mack v. Moore*, 669 S.W.2d 415, 419 (Tex. App.—Houston [1st Dist.] 1984, no writ) (if expert testimony is required on an issue, and that expert testimony is uncontroverted, the testimony is considered conclusively established). But in any case, even if Mr. Kurzy's opinions were disregarded or accorded less than conclusive weight, the burden to show a breach of the duty of reasonable care rested with the Castillejas, and no such evidence exists.

## VI. DERIVATIVE PUBLIC OFFICIAL IMMUNITY.

As the Castillejas have never responded to this ground of immunity, the City will rely on its opening brief to support it. Appellant's Br., p 46-49.

## VII. NO INTENTIONAL TAKING FOR PUBLIC USE.

The City will rely on its opening brief in support of its argument that the Castillejas failed to raise a fact issue on the intent and public use elements of their taking claim. Appellant's Br., p. 36-39. In their brief, the Castillejas contend that they "supported a takings claim based on the

14

City's repeated intrusion on their private property in connection with sewer maintenance operations." Appellees' Br., p. 18. But as with so many of the other assertions in their brief, the Castillejas fail to support this one with citations to the record – not surprisingly, since no such evidence exits to support it.

## VIII.    NO COMPENSABLE BODILY INJURY.

The City will rely on its opening brief in showing that Texas law does not allow emotional distress injuries caused by property damage and also showing that no evidence exists to prove any personal injury apart from distress due to property loss. In this connection, the City will here point out that the only authority cited on this issue by the Castillejas – *Critical Path Res., Inc. v. Cuevas*, 561 S.W.3d 523, 570 (Tex. App.—Houston [14th Dist.] 2018, pet. granted, judgm't vacated w.r.m) – is inapposite for the simple reason that the emotional injuries in that case were incident to physical burn injuries, not incident to property loss. Emotional suffering caused by bodily or physical injury is not at issue here.

## IX.    NO WAIVER FOR ATTORNEY FEES.

The Castillejas cite the Takings Provision of the Texas Constitution to support their request for attorneys' fees under that provision. That

15

provision contains no express waiver of immunity for an award of attorneys' fees. *See also City of Justin v. Rimrock Enters., Inc.*, 466 S.W.3d 269, 288 (Tex. App.—Fort Worth 2015, pet. denied) ("Article I, section 17 of the Texas constitution does not authorize attorneys' fees in a takings case.").

Respectfully submitted,

VIADA & STRAYER

By: /s/ *RAMÓN G. VIADA III*
    Ramón G. Viada III
    State Bar No. 20559350
    rayviada@viadastrayer.com
    17 Swallow Tail Court
    The Woodlands, Texas 77381
    281-419-6338

COUNSEL FOR APPELLANT
CITY OF HUNTSVILLE

## CERTIFICATE OF COMPLIANCE

Pursuant Tex. R. App. P. 9.4 (i)(3), the undersigned certifies that this Brief complies with the typeface and volume limitations of T.R.A.P. 9.4 (e) and (i)(B). This Brief is printed in 14-point typeface, except for footnotes, which are in 12-point typeface. Exclusive of the exempted portions of T.R.A.P. 9.4(i)(1), this Brief contains **3,147** words as indicated by the word count function of application used to create it.

*RAMÓN G. VIADA III*
Ramón G. Viada III

## CERTIFICATE OF SERVICE

I certify that all counsel of record have been served a true and correct copy of this Brief by electronic submission for filing and service through the Texas Online EFiling for Courts on June 22, 2025.

/s/ ***RAMÓN G. VIADA III***
Ramón G. Viada III

17

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Holloway on behalf of Ramon Viada
Bar No. 20559350
jholloway@viadastrayer.com
Envelope ID: 102275841
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Reply Brief
Status as of 6/23/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Holloway | | jholloway@viadastrayer.com | 6/22/2025 4:52:11 PM | SENT |
| Ramon G.Viada | | rayviada@viadastrayer.com | 6/22/2025 4:52:11 PM | SENT |
| Aaron Pavlock | 24107045 | pavlockfirm@outlook.com | 6/22/2025 4:52:11 PM | SENT |
| Robert Thomson | | robert@thomsonfirm.com | 6/22/2025 4:52:11 PM | SENT |