FILED
September 1, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No.03-14-00230-CV

IN THE

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

Elsie O. Jones, Appellant

v.

Jose G. Ramirez-Rodriquez, Appellee

FROM THE COUNTY COURT AT LAW NO.2 OF TRAVIS COUNTY
NO. C-1-CV-13-002528, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

APPELLANT'S MOTION FOR REHEARING

| | |
|---|---|
| **FREY, NAVARRO & WHORTON, P.L.L.C.** | **PRO SE,** |
| **Ms. Monica Jo Quinene Aguon** | **Ms. Elsie O. Jones** |
| **Texas Bar No. 24073827** | **2347 Douglas Street** |
| **Address: Trinity Plaza I, Suite 550** | **# 6106** |
| **750 E. Mulberry Avenue** | **Austin, Texas 78741** |
| **San Antonio, Texas 78212** | **Telephone: (512) 809-7698** |
| **Telephone: (210) 732-9800** | **Email:kevinandelsiejones@yahoo.com** |
| **Fax: (210) 568-6871** | |
| **Email Address: monica@fnwlawfirm.com** | |

**ATTORNEY FOR APPELLEE,**                **PRO SE FOR APPELLANT**
**JOSE G. RAMIREZ-RORIGUEZ,**        **ELSIE O. JONES**
**APPELLEE**                                          **APPELLANT**

COVER SHEET

RECEIVED
SEP 0 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

No.03-14-00230-CV

IN THE

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

Elsie O. Jones, Appellant

v.

Jose G. Ramirez-Rodriquez, Appellee

FROM THE COUNTY COURT AT LAW NO.2 OF TRAVIS COUNTY
NO. C-1-CV-13-002528, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## APPELLANT'S MOTION FOR REHEARING

| | |
|---|---|
| **FREY, NAVARRO & WHORTON, P.L.L.C.** | **PRO SE,** |
| **Ms. Monica Jo Quinene Aguon** | **Ms. Elsie O. Jones** |
| **Texas Bar No. 24073827** | **2347 Douglas Street** |
| **Address: Trinity Plaza I, Suite 550** | **# 6106** |
| **750 E. Mulberry Avenue** | **Austin, Texas 78741** |
| **San Antonio, Texas 78212** | **Telephone: (512) 809-7698** |
| **Telephone: (210) 732-9800** | **Email:kevinandelsiejones@yahoo.com** |
| **Fax: (210) 568-6871** | |
| **Email Address: monica@fnwlawfirm.com** | |

| | |
|---|---|
| **ATTORNEY FOR APPELLEE,** | **PRO SE FOR APPELLANT** |
| **JOSE G. RAMIREZ-RORIGUEZ,** | **ELSIE O. JONES** |
| **APPELLEE** | **APPELLANT** |

COVER SHEET

No. 03-14-00230-CV

## ELSIE O. JONES

Appellant,

v.

## JOSE G. RAMIREZ-RODRIGUEZ

Appellee.

---

## INDENTITY OF PARTIES & COUNSEL

---

**Elsie O. Jones, Appellant, certify that the following is a complete list of the parties, and their attorneys, who have an interest in the out come of this lawsuit:**

**Parties:**

Elsie O. Jones                                            Plaintiff/Appellant

Jose G. Ramirez-Rodriquez                     Defendant/Appellee

**Attorneys:**

Pro Se:                                                          Trial and Plaintiff/Appellant
Elsie O. Jones                                                          Pro Se
2347 Douglas Street
# 6106
Austin, Texas 78741
Telephone: (512) 809-7698
Email Address: kevinandelsiejones@yahoo.com

Counsel:                                             Trial and Defendant/Appellee
Monica Jo Quinene Aguon                           Counsel
**FREY, NAVARRO & WHORTON, P.L.L.C.**            **INTERPETER:**
Trinity Plaza I, Suite 550                          Jose Miguel Leon
750 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 732-9800
Fax: (210) 568-6871
Email Address: monica@fnwlawfirm.com

No. 03-14-00230-CV

ELSIE O. JONES

Appellant,

v.

JOSE G. RAMIREZ- RODRIGUEZ

Appellee.

---

**APPELLANT'S MOTION FOR REHEARING**

---

Appellant, Elsie O. Jones, submits this motion for rehearing in response to the opinion issued by the Court on August 21,2015, and requests that the Court consider the following issues:

## ISSUES PRESENTED FOR REVIEW

Issue 1: The court of appeals erred in when a party legal and factual sufficiency challenges the appellant construing pro se brief and liberally.

Issue 2: The court of appeals erred when it states the party with the burden of proof attacks the legal sufficiency of the evidence to support a jury findings and the party must demonstrate on appeal that the evidence establishes as the matter of law.

Issue 3: The court of appeals erred when it states the party attacks the factual sufficiency of an adverse finding on an issue which has the burden of proof must demonstrate on appeal that the adverse findings against the great weight and preponderance of the evidence.

Issue 4: The court of appeals erred from not reviewing all the evidence in the entire record.

Issue 5: The court of appeals erred in finding that there were evidence to support the jury's answer to question 1, regarding the negligence.

Issue 6: The court of appeals should have rewarded the appellant damages due to Tex. Trans. Code Ann. 545.062 (Vernon 2003).

Issue 7: The court of appeals erred in the Evidence of Tortious Interference as the matter of law.

Issue 8: The court of appeals erred in the listing of elements of negligence to include legal duty owed to plaintiff, breach of duty, and damages proximately caused by breach. Texas Statutes: Obstructing 38.05 Destroying Evidence Abstraction of Justice hindering the investigation.

Issue 9: The court of appeals erred in favorable to the jury's finding no negligence as the matter of law when the appellant file for not with standing the jury's verdict.

1

Issue 10: The court of appeals erred with affirm with the trial court with offer of proof and bill of exception when the appellant filed for motion for a new trial.

Issue 11: The court of appeals erred with their was no evidence of Rodriguez legally responsible for the children.

Issue 12: The court of appeals erred with there is no credited evidence that the police investigation did not lead to the issuance of a citation or ticket.

2

## STATEMENT OF FACTS

Appellant, Elsie O. Jones, (Jones), plaintiff, stated the Appellee, Jose G. Ramirez-Rodriguez (Rodriguez), on April 3rd, 2012 the appellee/defendant had damages on Jones vehicles 2007 Blue Kia Optima on the driver's side rear end and left side bumper and which was legitimately parked in a specifically allotted to Jones due to her disability status, causing damages to Jones vehicle.

While Jones did not directly see the Rodriguez hit the car, a panoply of circumstantial evidence before and after the event point to the fact that Rodriguez points to the fact that Rodriguez did indeed hit Jones vehicles.

To begin with, Jones plainly saw Rodriguez vehicle parked next to hers. Thereafter, Jones daughter later arrived home and informed Jones that somebody had hit Jones car.

Jones later saw that Rodriguez vehicle was also damaged, and the nature of the damage fits perfectly with the type of damage on Jones car under the circumstances where the Rodriguez had hit Jones car.

Subsequent to the incident, and after Jones had instituted a legal action to seek relief for the damage to Jones car. The Rodriguez and Jones family engaged in a concatenation of the activities to taunt Jones and to stress her out beyond measure. The first of such activities is that on or about Sunday, the 28th, 2012, Jones saw Rodriguez's children on top of her car, jumping up and down. Jones later discovered that her car had been scratched and dented and tires air let and mess up the tire pressure system out on both vehicles were damaged.

Jones reported the matter to the police who advised her to annex her claims with that of her pending damage claims.

Later, Rodriguez developed the habits of parking at the Jones allotted parking spot, all with the manifest intent causing the Jones her further aggravation, frustration and anxiety and threat plus

3

undesirable behavior and irreparable damages. (CLK REC- P. 233-235)

The foregoing aptly prescribes the actions of a person who, after damaging Jones property, went further to engaged in willful conduct to cause her emotional distress. (CLK REC-P. 260-293),

Miscellaneous documents with Exhibit A.

The court allotted independent expert Mr. David Hall to measure and inspect the Rodriguez vehicle and there were total of (3) scheduled appointment times to inspect and do measurement on the Rodriguez vehicle but each time the independent expert Mr. David Hall set the appointments up for the inspection and measurement they were cancelled by the Rodriguez cancelled the inspection and measurement and on that date the counsel said that the Rodriguez was not available but Jones saw him outside moving his vehicles from one spot to another.

These inspection and measurement would have determined if the Rodriguez was at fault but it was hindered and the jury awarded a take nothing judgment in favor of the Rodriguez they have no evidence to show the jury if his vehicle had the plaintiff's paint on his vehicles at all.

The presiding judge Eric M. Shepperd asked the "counsel for any evidence: and they replied none judge." (RPT REC- Volume 3 of 3 Volume 1-20 pages exhibit #2)

On the page #9 Alex and Rodriguez are sitting together under a tree across the street in front of building #7, and page #10 and 11 Alex walking; #12 Rodriguez's vehicle is parked across the Jones allotted parking space with chain under the bumper and #13 Rodriguez's vehicle with the Jones paint on his bumper; Page #16-18 Rodriguez vehicle with chain holding bumper; parked across the Jones allotted parking spot and the page #20 Alex again behind the Jones vehicle with the kids he is pushing in the back.

# ARGUMENT

## ARGUMENT & AUTHORITIES

Appellant/Plaintiff, Elsie O. Jones, first argument challenges the legal and factual sufficiency of the jury's findings of negligence and liability on personal damages and allotted parking space and parental liability.

This case depends on Jones and her husband credibility, as Negligence claims. Jones is credible because her and her husband Did give a consistent testimony. The court of appeal and the trial Judge and the jury should have justified in the findings of Jones's credibility. Because this Court should refrain from judging the credibility of witness that is the role of the jury this Court should overrule Rodriguez take nothing judgment negligence claim.

*Reply to Issue 1:* The court of appeals erred when a party legal and factual sufficiency challenges the appellant construing pro se brief and liberally.

Judicial Bias- Texas Code of Judicial Conduct:

The role of the judiciary is central to American concept of justice and the rule of the law. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of

5

government under the rule of law. Canon (3) Performing the Duties of Judicial office Impartially and Diligently. Canon (3)b(5),6-7; A judge shall perform judicial duties without bias or prejudice. The disposition of a judge, or arbitrator, prospective jurors, or any one making a judicial decision, against one another, or in favor on one of the party or a class of person. However, we hold pro se litigant to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. To do so would be to give a pro se litigant a unfair advantage over a litigant who is a represented by counsel. [Holt, 990 S.W. 2d at 755]

*Reply Issue 2 -5:*The court of appeals erred when it states the party with the burden of proof attacks the legal sufficiency of the evidence to support a jury's findings and the party must demonstrate on appeals that the evidence establishes as the matter of law. A court must first examine record for evidence support verdict, ignoring all evidence to the contrary. If there is no such evidence, the court then examine the entire record to see if the contrary. An Appellant court reviewing a verdict legal sufficiency start by considering all the evidence or only part. Rules and Reasons compel that evidence must be credited or

discarded where it support a verdict or contradicts it. The scope of review the appellant court must view the evidence in the light favorable to the verdict crediting favorable evidence if reasonable jurors could disregarding contrary evidence unless reasonable jurors could not. In its legal sufficiency review, the court refused to consider that of all the evidence, only consider that evidence which viewd in its most favorable light, support the jury's findings and they disregards all the other evidence which would have lead to a contrary result. The duty of this Court [is] to examine and consider all of the evidence in controlling issue, in doing so decide is then enduce of probative value to support the answers made by the jury to the issue. The reviewing court must reject all evidence favorable to the plaintiff in error, and consider the facts and circumstances which sustain the verdict. There is some evidence that Jones certain occur, there is some evidence that it did not. Jones and her husband testified that relied on the evidence. If the jury accept this evidence is true. That the court of appeals acknowledge the general rule that the trier of fact is the sole judge of the credibity of the witness and the weight to be given their testimony, however where there is evidence on a issue and

and no evidence is to contrary, the court of appeals held that the trial court has no right to disregard the evidence and decide the case in accordance with its own wishes.[Mack v. Moore, 669 S.W. 2d 415 (Tex. App-Houston 1st Dist.) 1984, no writ.]

*Reply Issue 6-8:* The court of appeals should have rewarded the Appellant damages due to Tex. Trans. Code Ann 545.062 Vernon 2003. Due to Transportation Code, Title 7: Vehicle and Traffic, Subtitle: Rule of the Road, Operation and Movement of Vehicles, The court of appeals erred in the evidence of Jones allotted parking space privileged parking and Rodriguez original answer to the court in his statement he did not see Jones vehicles fail in the transportation code ann. sec.545.062 fail to maintain an assured clear distance between the two vehicles so that considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the proceeding vehicle or veering into another vehicle, object, or person, on or near the highway; An operator of a truck or a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicles so that a vehicle passing the operator can safely

8

enter and occupy the space. [Acts 1995, 74th Leg., ch. 165, Sec.1 eff. Sept 1,1995] Jones and her husband testified that Rodriguez was parked next to Jones vehicle. In Rodriguez orginial answer that Jones vehicle was not their when he left home, and his wife was with him but no testimony from his wife stating she was with Rodriguez when he left home. No one to testified on his behalf considering his orginial answer. [CLK REC P. 140] Evidence showing Rodriguez parking next to Jones' vehicles [CLK REC P. 267-293] The officer issue both Jones and Rodriguez Driver's Crash Report. [CLK REC P. 321 -328] Evidence Showing and supporting Jones damages. The Evidence of Tortious Interference as the matter of law, ACS Investors, Inc. v. Mclaughlin, 943, S.W. 2d 426, 430 (Tex. 1997) At common law, a defendant is liable to pay damages in tort for action intended to interference with the plaintiff's contractual relations with the third party. Named Mr. David's Hall Independent Expert, where the court granted the appointed named expert. In an intentional interference claim, the burden is on the plaintiff to prove the elements of the claim rather then on the defendant to prove that its acts were justified. To prevail on the claim, plaintiff must prove four elements. (A) that a valid contract existed, (B) that the defendant had knowledge of the contract; (C) that the defendant acted

intentionally and improperly; and (D) that the plaintiff was injured by the defendant actions. [United Truck Leasing Corp. v. Geltman, 406 Mass,811,812,551 N.E. 2d 20n.6 mass 1990] Tortious interference also known as intentional interference with contractual relation. In the common law of torts, occurs when a person intentionally damages the plaintiff's contractual, other business relationship. [CLK REC P. 184 -223,464-479] (a) tortious interference with contract rights can occur

where the tortifeasor convince a party to breach the contract against plaintiff. (b) where the tortifeasor disrupts the ability of one party to perform his obligations under the contract, there by preventing the plaintiff from receiving the performance promised. Holding negligent interference with prospective advantage actionable when risk harm was foreseeable. [Union Oil Co. v. Oppen. 501 F, 2d 558 9th cir. 1974] This a mirrors our prior jurisprudence, which provide jury, "has several alternatives available when presenting with conflicting evidence, because one witness and disbelieve others may resolve inconsiotencies in the testimony of any witness, and may accept that testimony over that of experts. [Mc Galliard v. Kuhlmann 722 S.W. 2d 694, 697, Tex. 1986] jurors cannot disregard a party's reliance on expert opinions. There are

several court cases that cites this proposition. Neither supports the court analysis. It report that the jury as the fact finder of fact, should appropriately resolve factual disputes regarding a party's reliance on hired expert. [Provident Am Ins. Co. v. Castaneda 988 S.W. 2d, 189, 194-95, Tex. 1998] In the legal sufficiency analysis and concluded there was no evidence that the defendant acted in bad faith. [State farm Lloyds v. Nicolum, 951 S.W. 2d 444;-448-50 Tex. 1997] By an expert which is possibly would have change the decision. The test from the designated expert and his history as expert Mr. David Hall would have used the findings, if Rodriguez was at fault. Abstraction of Justice, hindering the investigation to Penal Code; Destroying Evidence [CLK REC P.184-233,464-47]

Texas Statues: Obstructing 38.05; to destroy even one thing to prevent hindering from being investigated or inspected. Obstruction of Justice generally requires some affirmative action, and not merely a failure to assist law enforcement. However the related concept of "contempt of the court might apply if you fail to comply with a court order. Blockage and something that obstructs. A criminal offense that involve interference through words or actions, until the proper operations of a court or officer's of the court shall be guilty of an offence. Persons are charged under this statute based on allegations that a defendant intended to

interfere with an official proceeding by doing things such as destroying evidence.

*Reply Issue 9-12:* The reviewing court erred in favorable to the jury's Findings no negligence as the matter of law when the appellant filed For no withstanding the jury's verdict. Jones filed a Motion for not with Standing the jury's verdict. There was an objection to the jury's findings Concerning for the findings of fact and conclusion of law in the [CLK REC P. 411,415; 551] Not withstanding and Motion for New Trial. The court disregard all the evidence contrary to the trial courts finds, And if there is any remaining evidence which would support the verdict or judgment the trial courts judgment must be up held. But if not the removal of all the contrary evidence this court find as absence of any evidence which would support the verdict or judgment a contrary conclusion to the verdict or judgment is required as a matter of law. A notice of appeals was filed with the trial clerk within 10 days after the date of the judgment and not withstanding the jury's verdict and a motion for a new trial by Jones that is required by the Texas Rules of civil Procedure Rule 353. The record contains not only the findings of facts and conclusion of law but also a transcript and a statement of facts. Jones in her brief filed in the court of appeals attacks the judgment of the

12

Trial court because the evidence is not sufficient to support the judgment granting appellee favor a take nothing judgment. Texas rule of civil procedure it longs been the rule in order to review on appeal it was not necessary that exceptions to findings of fact and conclusion of law had been taken where there was a statement of facts in the records. The trial court failure because their was an issue to the jury as to whether a removal permit. The court of appeal held that the trial court was not required to submit as issue to the jury or this matter or because Jones testimony was positive and concerned a matter which the Jury could have contradicted had it been untrue. We hold since there was testimony which tended to discredit or impeach, Jones testimony the credibility of her testimony was for the jury to pass upon, and as issue of fact was raised which should have been submitted to the jury. Concerning the offer of proof and bill of exception Jones filed in the trial Court on February 24th,2014 in trial court transcript volume 2 of 3 p. 29-34. There was an exception as to the exhibits Jones sought to admit during trial. Jones stated that the lease agreement is another account where Rodriguez was parent liability and its showing. The trial court asked Jones if she is admitting the lease Rodriguez lease, Jones replies it is to show reliable and responsible. An offer of proof is a disclosure

made out of the hearing of the jury, or the substance, purpose, and relevancy of evidence the offering, party seeks to introduce. Evid. C. 354

There is a reason to offer of proof; (a) to testified to the judge before a ruling is made to admit the evidence; (b) to testified to the judge after a ruling is made to reconsider the ruling and; (c) to create a record for appeal that the judge was specifically aware of the native of the evidence being excluded. Rule 103 provides that an offer of proof must be made before the jury is charged. Jones demonstrate the nature of the evidence until enough specificity so that the appellant court can determine its admissibility. Jones were the witness to stand in testimony in question and answer form. The evidence was mark in exhibit and request its inclusion in the record on appeal. Jones urge her admission to the evidence a ruling must be secured in order to preserve error. The court of appeal stated it was no harm in the exclusion of the evidence, even if such exclusion was erroneous. Informal bill is a tool of error preservation and is used to inform the appellant court of the substance of evidence which the trial court refused and that something that was not permitted into evidence at trial. A formal bill of exception provides proof of something that occurred at the trial but isn't reflected in the records. There is no magic words which should be used in a formal bill

the rules do require that the bill be sufficient specific which Jones used to make the trial court aware of which of the trial courts actions or ruling is being complained of in Jones brief. No evidence of Rodriguez was responsible for children. This is why the lease agreement was offer of proof to the trial judge to show proof children is in the household of Rodriguez and during Jones original petition for temporary retraining order and temporary injunction and permanent injunction order and damages done by Rodriguez and his family which states them in his household due to not to be able to add no new cases to the case which is already in court as Jones was instructed to do by the police to as the judge to amend them into the ongoing case but was not able to but the family were still included as Rodriguez responsible for any one in his household and the damages they sought to do or obtained to do. The court of appeal stated that there was no credited evidence issuance of a citation or ticket. Jones and Rodriguez were both issue a Vehicle Crash Report to fill out and return in ten days. Jones turned her vehicle crash report which was given to both Jones and Rodriguez. Rodriguez never turn his vehicle crash report in as instructed. The CR-2 must be filled with TxDOT not later than 10th day after the date of the crash. A person commits an offense if the person does not file the report with TxDOT.

Jones vehicle crash report is in [CLK REC P. 93 -103]

<u>PRAYER:</u>

For this reasons stated in the motion, appellant Elsie O. Jones asks the Court to grant this motion for rehearing, withdraw its opinion, reverse the trial court's judgment, and either render judgment for appellant Elsie O. Jones or reverse and remand for new trial. Including any alternative relief (prayer for appellant's brief) Only the relief requested can be granted by the court.

Respectfully submitted,

<u>&lsie Ojones</u>

PRO SE PLAINTIFF<br>
ELSIE O. JONES<br>
2347 DOUGLAS STREET<br>
# 6106<br>
AUSTIN, TEXAS 78741<br>
(512) 809-7698<br>
EMAIL ADDRESS: <u>kevinandelsiejones@yahoo.com</u>

PRO SE FOR APPELLANT<br>
ELSIE O. JONES<br>
APPELLANT

## CERTIFICATE OF COMPLIANCE WITH APPELLANT:

I certify that this document contains 3,757 words, as indicated by the words counts function of the computer program used to prepared it, and including the issue presented for review and statement of facts and argument and reply issue and prayer, certificate of service, certificate of compliance.

PRO SE PLAINTIFF
ELSIE O. JONES
2347 DOUGLAS STREET
# 6106
AUSTIN, TEXAS 78741
(512) 809-7698
EMAIL ADDRESS: kevinandelsiejones@yahoo.com

PRO SE FOR APPELLANT
ELSIE O. JONES
APPELLANT

I hereby certify that a true and correct copy of the foregoing instrument was served on the counsel of records in this appeal in with the Texas Rules of Civil and Appellant Procedure by certified mail and return receipt requested, on the 31st day of August 2014 as follows.

FREY, NAVARRO & WHORTON P.L.L.C.
MS. MONICA JO QUINENE AGUON
Texas Bar No. 24073827
Address: Trinity Plaza I, Suite 550
750 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: (210) 732-9800
Fax: (210) 568-6871
Email Address: monica@fnwlawfirm.com


ATTORNEYS FOR APPELLEE
JOSE G. RAMIREZ-RODRIGUEZ
APPELLEE


PRO SE FOR APPELLANT
ELSIE O. JONES
APPELLANT